27598. AMBLER et al. v. ARCHER.

ARGUED DECEMBER 12, 1972 — DECIDED MARCH 15, 1973.

*Flemister, Beasley, Baird & Slotin, Walter V. Beasley,* for appellants.

*Edwards, Awtrey & Parker, L. M. Awtrey, Jr., Annette M. Risse, P. Harris Hines,* for appellee.

HAWES, Justice. Bessie Archer Moore died on February 4, 1971. William Claude Archer produced to the Court of Ordinary of Cobb County an instrument executed by the said Bessie Archer Moore on November 4, 1969, and propounded the same as her last will and testament. Christine Rivers Ambler, Marian Rivers Vivian and Sadie Rivers Lanier Kitchens filed a caveat thereto. After hearing evidence, the court of ordinary overruled the caveat and granted probate in solemn form. The caveators appealed to the Superior Court of Cobb County, the same being filed on June 11, 1971. On January 7, 1972, pursuant to a written request of the attorneys for the appellees, the court passed an order requiring counsel for all parties in the case to file with the court a proposed pre-trial order within 15 days from said date and to

provide a copy of said proposed order to opposing counsel.

It appears from the evidence introduced on the trial of the case that the Judges of the Superior Court of Cobb County, pursuant to the authority contained in § 83 of the Civil Practice Act (Ga. L. 1966, pp. 609, 670; Code Ann. § 81A-183), have promulgated detailed and extensive rules respecting pre-trial practice and procedure. Rule 2 (f), relating to the pre-trial order, provides that failure of counsel to appear and participate, without legal excuse, in the formulation and completion of the pre-trial order shall be deemed to be consent and agreement to the pre-trial order formulated and entered by the court in the absence of such counsel. Paragraph (g) of Rule 2 provides that the pre-trial order shall supersede the pleadings in the case, that thereafter the case shall be tried pursuant thereto, and that no issues in behalf of any party to the cause will be considered during the trial that are not expressly and clearly contained in the pre-trial order. This paragraph further provides: "On written motion timely made, the court, to prevent manifest injustice, may amend the pre-trial order. Such motion must be made *before* trial in order to be deemed timely." (Emphasis supplied). In Rule 2 (i) the form and the content of the pre-trial order is set forth in minute detail. Paragraph 10 thereunder contains the following instruction: "Under this paragraph both plaintiff and defendant should separately list those witnesses whom each *will* have present at the trial and those whom each *may* have present at the trial. A representation by a party that he will have a witness present may be relied on by the opposite party unless notice to the contrary is given in sufficient time prior to trial to allow the opposite party to subpoena the witness or obtain his testimony. The foregoing need not include witnesses to be used only for impeachment." Paragraphs (a) and (b) of Rule 3 relating to the civil trial calendar provide: "Ready list. The court administrator shall keep the list of cases which are ready

for final trial, on which cases shall be placed when a final pre-trial order has been signed by the court. Cases on this list shall be in the order in which they are pre-tried. Trial calendar. The court administrator, under the direction of the court, shall prepare a trial calendar of the cases appearing on the ready list and serve the parties therewith by mail. Cases shall be listed in the same order as they appear on the ready list or as they were pre-tried. When the court publishes the trial calendar, counsel are considered to be assigned for trial by the court."

Pursuant to the order of January 7, 1972, above referred to, counsel for the caveators transmitted to the court administrator of the Cobb Superior Court "appellants' proposed pre-trial order" which did not conform to Rule 2 (i) of the local rule. On January 26, 1972, counsel for the propounder transmitted to the court administrator propounder's proposed pre-trial order which substantially complied with the form and content prescribed by the rules. A pre-trial hearing was set by the court for February 3, 1972. It appears from a colloquy between the court and counsel occurring prior to the trial of the case that on that date the court declined to sign either of the proposed pre-trial orders and directed the parties to get together and agree upon a pre-trial order which the parties would submit within 14 days thereof for the court's signature. It does not appear that this directive was reduced to writing or ever entered as a formal order by the court. Counsel for the caveators contended that he had endeavored to contact counsel for the propounder on several occasions subsequent to the February 3rd pre-trial hearing. This contention was not disputed, but it does appear that counsel never met to draft an order as directed by the court. Thereafter, an order was signed on March 9, 1972, adopting the propounder's proposed pre-trial order as the pre-trial order of the court. This order recites that counsel for the caveators failed to appear at a pre-trial hearing which

had previously been set for that date (March 9, 1972). The order thus signed by the court omits all reference to witnesses which caveators would use on the trial of the case.

Subsequently, pursuant to the local rules of court above quoted, the case was placed on the trial calendar of the Cobb Superior Court for the week of July 10, 1972, and was sounded for trial on July 13, 1972. Counsel for the caveators appears to have been notified by telephone that this would be done sometime during the week of July 3, 1972. On the afternoon of July 12, 1972, counsel for the caveators left in the judge's office a proposed amended pre-trial order, which, among other things, listed the witnesses which caveators intended to call on the trial of the case. Prior to the commencement of the trial itself, a lengthy hearing on this proposed amendment was held by the court out of the presence of the jury and at the conclusion of that hearing the court declined to allow the proposed amendment to the pre-trial order. The court, in the course of the trial, construed its rules as prohibiting the use by any party of any witness not listed in the pre-trial order except as to witnesses used only for impeachment. As the result of this construction, counsel for the caveators was not permitted to introduce to the jury the evidence of any witness (not included within this prohibition, however, was the testimony of the parties themselves), though he was permitted to complete the record by placing on the stand a medical witness whose testimony given outside the presence of the jury it is sufficient to say, if heard and credited by the jury, would have authorized a verdict finding in favor of the caveators. The jury returned a verdict in favor of the propounder, which verdict was made the judgment of the court and the caveators appealed.

■ Section 83 of the Civil Practice Act provides: "Each court by action of a majority of the judges thereof may from time to time make and amend rules governing its

practice not inconsistent with the provisions of this title or any other statute." Ga. L. 1966, pp. 609, 670 (Code Ann. § 81A-183). Section 16 of the same act, as amended, provides: "Upon the motion of any party, or upon its own motion, the court shall direct the attorneys for the parties to appear before it for a conference to consider: (1) The simplification of the issues; (2) The necessity or desirability of amendments to the pleadings; (3) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof; (4) The limitation of the number of expert witnesses; (5) Such other matters as may aid in the disposition of the action. The court shall make an order which recites the action taken at the conference, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice. The court in its discretion may establish by rule a pre-trial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to nonjury actions or extend it to all actions." Ga. L. 1968, pp. 1104, 1106 (Code Ann. § 81A-116). In Sec. I of the Civil Practice Act, the legislature has enjoined the courts of this state to construe the act so as "to secure the just, speedy, and inexpensive determination of every action." Code Ann. § 81A-101. To this end the act should be liberally construed and applied. As was said by Professor John B. Reese, Jr., of the University of Georgia Law School, in an article appearing in 2 Ga. St. Bar J., pp. 419, 420, entitled The Georgia Civil Practice Act of 1966: Preliminary Observations: "The Act is designed to simplify Georgia Civil Procedure by de-emphasizing form and technicality in order that the substantive rights of litigants may be asserted and tried on the merits." E. Freeman Leverett,

of the Elberton Bar, restated the same philosophy in an article entitled, Comments on the Georgia Civil Practice Act of 1966, appearing in 3 Ga. St. Bar J. 295: "[The Act] should serve to reduce the number of decisions which are resolved on grounds having no relation to the merits of the litigation." These comments undoubtedly reflect the spirit and purpose of the Civil Practice Act and the courts of this state, both trial and appellate, should be diligent to hew not only to the letter of the act, but also to this spirit.

Two of the purposes of the pre-trial procedures established by § 16 of the Act is the formulation of the issues and the simplification of the issues. To this end, the order "when entered controls the subsequent course of the action, unless modified *at the trial to prevent manifest injustice.*" (Emphasis supplied). It is noteworthy that nothing in § 16 of the Act can even remotely be construed as prohibiting the use by a party of any witness not listed in the pre-trial order. It is also noteworthy that nothing in the local rules, relevant portions of which we have quoted above, expressly or impliedly prohibits the use at trial of witnesses not listed in the pre-trial order. Another manifest purpose of the pre-trial procedure is the elimination of the element of surprise of a party as to the contentions of the opposite party.

As has been noted, our Civil Practice Act is largely modeled on Federal Rules of Civil Procedure. Section 16 is word for word the same as Federal Rule 16. Decisions of the U. S. Circuit Courts of Appeal construing and applying Federal Rule 16, therefore, should be persuasive as to the proper application of § 16 of the Civil Practice Act. Even a cursory reading of the federal cases leads to the conclusion that the federal appellate courts have been very reluctant to control the exercise of the discretion reposed in the trial judge by Rule 16. See, for example, Doric Co. v. Leo Jay Rosen Assoc., 303 F2d 817; Clark v. Pennsylvania R. Co., 328 F2d 591, 594. But, in

cases demonstrating a clear abuse of that discretion, the appellate courts have not refused to act. Syracuse Broadcasting Corp. v. Newhouse, 271 F2d 910; Roebling v. Anderson, 257 F2d 615. Cf. Matheny v. Porter, 158 F2d 478, where the court, while reversing the trial court on other grounds, took occasion to strongly criticize the imposition of too drastic a penalty for disobedience of an order made at the pre-trial stage. Both § 16 of the Civil Practice Act and Federal Rule 16 provide that the pre-trial order may be amended or modified at the trial. Thus, a motion to amend and a proffered amendment filed at the trial cannot, as a matter of law, be untimely. In such instance, a discretion must be reposed in the trial judge as to whether to allow such modification or amendment. But, it is obvious that to disallow the proffered amendment, and to construe the pre-trial order as preventing the party moving therefor from supporting his case by evidence as was done in this case works a manifest injustice on the party. It operates contrary to the spirit of the Act that cases be decided on their merits and that decisions based on other considerations be avoided. This is especially so where it is obvious, as in this case, that to have allowed the pre-trial order to be amended so as to include therein a list of the witnesses which caveators propose to use on the trial of the case, even at the trial, could not have seriously upset the propounder or thrown him off balance so as to work a surprise to him or his counsel as to the position to be taken by the caveators. This is true because the case was an appeal from the court of ordinary where the issue had once been tried and because the issue was not complicated but was merely one of devisavit vel non.

Finally, in this regard, the real question presented is what sanctions should attach to disobedience of the order of the court directing the parties to agree on a pre-trial order, or upon the failure of counsel to attend a pre-trial conference previously set by order of the court, and

participate in the making of the pre-trial order which was finally entered. It, undoubtedly, must lie within the power of the court to impose appropriate sanctions to make effective its pre-trial orders. Professor Moore, in his work on Federal Practice (2 Ed.), seems to suggest that no harsher sanctions should be imposed than are necessary to vindicate the court's authority: "Contempt may at times be proper; and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, but these remedies are too drastic if less harsh sanctions are appropriate." 3 Moore's Federal Practice (2 Ed.) 1134, 1135, Par. 16.19. As was said by the Tenth Circuit Court of Appeals in Matheny v. Porter, 158 F2d 478, supra (10 F. R. Serv. 16.42, Case 1), "the withdrawal from defendant of the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case seems drastic." See also, generally, on this subject the comments of Judge Charles E. Clark of the Second Circuit Court of Appeals in a Seminar on Procedures reported, 29 FRD 191, 454 et seq.

Without belaboring the point any further, we think it is clear that under the circumstances of this case the refusal of the trial court to permit counsel for the caveators to put any witness on other than the caveators themselves was too harsh a sanction to impose upon them on account of the failure of their counsel to attend the second pre-trial hearing or because of his failure to formulate in cooperation with opposing counsel a pre-trial order embodying a list of the witnesses which he proposed to use. Such action unnecessarily punished the clients for the supposed negligence of their counsel, and may have resulted in the disposition of the case against them by reason of their inability to make out their side of the controversy before a jury. Such a disposition resulted from considerations not related to the merits of the case. For these reasons, the judgment must be

reversed. The foregoing disposes of the 2nd, 6th and 7th grounds of enumerated error.

■ During the trial of the case, counsel for the caveators sought to cross examine the propounder of the will as to his knowledge of a prior will executed by the deceased which it appears made a different disposition of her property. The trial court refused to permit counsel to go into this matter on the ground that it was not included as an issue in the pre-trial order. The grounds of the caveat to the will propounded were lack of mental capacity and undue influence on the deceased by the propounder. The appellee's proposed pre-trial order which was by the order entered on March 9, 1972, made the order of the court, as outlined in the preceding division of this opinion, contained under the heading "Outline of appellants' case" the mere notation "not applicable." The next succeeding paragraph outlined appellee's case by stating appellee's contentions that the will propounded was properly drawn under the laws of the State of Georgia, that it was executed and witnessed properly, that at the time of its making testatrix was of sound and discerning mind and was competent to make a will and that she was under no undue influence or duress at the time she made and executed the instrument. The order, in accordance with the rules, recites that the pre-trial order shall supersede the pleadings and that the case shall thereafter proceed under the pre-trial order. To give this wording its literal effect where no contentions of the appellants are set forth in the pre-trial order would eliminate all issues and leave nothing to be tried. This would work a manifest injustice on the appellants for the reasons set forth in the preceding division in that, if strictly followed, they would have been prevented from putting in any evidence in support of their contentions.

It cannot be said that evidence as to the existence of a prior will is never relevant in cases such as this. Since

both the proof of lack of mental capacity to make a will and proof of undue influence are not always susceptible of direct proof but more frequently depend on evidence of the circumstances surrounding the testator and on evidence relating to the testator's acts and doings in other respects, a wide latitude must be allowed in the evidence admitted on these issues. If it can be said that evidence of a prior will in any manner tends to throw light on the mental capacity of the testatrix at the time she executed the will in question or on the question of undue influence in procuring the subsequent will then evidence as to such prior will would certainly be admissible. Under the evidence in this case, we are unable to ascertain whether this evidence was relevant but since its exclusion manifestly foreclosed caveators from putting in any evidence relevant to the issues in the case we must hold that its exclusion was error.

■ Ground 5 relates to an objection to testimony and evidence of the will propounded on the ground that the paper tendered was a copy which was not certified by the court of ordinary and further on the ground that the original would be the highest and best evidence. This relates to a matter which will not likely recur on another trial.

The remaining grounds of enumerated error not specifically hereinabove dealt with are not meritorious.

*Judgment reversed. All the Justices concur.*