65348. BOATRIGHT v. FIRST NATIONAL BANK OF ALMA.

SHULMAN, Chief Judge.

Appellee bank filed suit against appellant, seeking a writ of possession and a money judgment. After appellant filed an answer and posted a bond, the trial court ordered counsel for the parties to attend a pre-trial conference. Counsel for appellant did not attend the meeting and, upon appellee's motion, the trial court ordered appellant's answer dismissed, the writ of possession issued, and a money judgment for appellee entered. Appellant filed a motion to set aside the judgment or, in the alternative, a motion for new trial, which, after a hearing, was denied on July 15, 1982. This appeal followed.

1. "[T]he real question presented is what sanctions should attach to . . . the failure of counsel to attend a pre-trial conference previously set by order of the court . . . It, undoubtedly, must lie within the power of the court to impose appropriate sanctions to make effective its pre-trial orders . . . [N]o harsher sanctions should be imposed than are necessary to vindicate the court's authority . . . '[T]he withdrawal from the defendant of the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case seems drastic.' " *Ambler v. Archer,* 230 Ga. 281, 288 (196 SE2d 858).

We note initially that this is not a case in which counsel failed to appear when a case was sounded for trial and the three-minute rule was invoked. Code Ann. § 24-3341; *Archer v. Monroe,* 165 Ga. App. 674 (302 SE2d 583). *Weeks v. Weeks,* 243 Ga. 416 (254 SE2d 366); *Scott v. W. S. Badcock Corp.,* 161 Ga. App. 826 (289 SE2d 769); and *Turner v. T & T' Oldsmobile,* 154 Ga. App. 228 (267 SE2d 833), can be similarly distinguished: they are cases in which a plaintiff's failure to appear at a pre-trial hearing resulted in the dismissal of the complaint at the motion of the defendant, who was statutorily entitled to such a remedy under OCGA § 9-11-41 (b) (Code Ann. § 81A-141). A plaintiff, however, does not have a similar statutory weapon with which to inflict such punishment on a defendant for its failure to comply with an order of the court.

We think it is clear that striking appellant's answer and entering judgment against him was too harsh a sanction to impose upon him for his counsel's failure to appear at a pre-trial conference. "Such action unnecessarily punished the [client] for the supposed negligence of [his] counsel, and . . . resulted in the disposition of the case against [him] . . . Such a disposition resulted from considerations not related to the merits of the case. For these reasons, the judgment must be reversed." *Ambler v. Archer,* supra, p. 289.

2. In light of our disposition of this case in Division 1, appellant's remaining enumerations of error need not be considered.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED APRIL 4, 1983.

*J. Laddie Boatright,* for appellant.
*Jimmy J. Boatright,* for appellee.