S90A1497. CARDER et al. v. RACINE ENTERPRISES, INC.
(401 SE2d 688)

BENHAM, Justice.

Racine Enterprises, Inc. brought suit against several members of the Carder family and other individuals and corporations. The complaint sought damages for fraud and breach of contract, and injunctive relief from further violation of a covenant not to compete. This appeal is from a judgment awarding the plaintiff the relief it sought.

1. In a pre-trial order arising from a motion for sanctions for failure to comply with discovery, the trial court struck the answers of two of the defendants. That order is enumerated as error on two grounds: that the defendants were not afforded an opportunity before the sanctions were ordered to defend against them; and that the order compelling discovery was not sufficiently specific.

After entry of the order striking the answers, the two affected defendants filed a motion for reconsideration of the sanctions order. The trial court conducted a hearing at which the defendants presented testimony and argument on both the issue of the procedure leading to the sanctions and the issue of the propriety of the sanctions. If the original issuance of the sanctions order was error because of lack of notice, the trial court's action in permitting the defendants to address the substance of the motion for sanctions during the hearing on the motion for reconsideration cured any harm which may have arisen from the lack of notice. "Harm as well as error must be shown to authorize a reversal by this court." *Bateman v. Bateman,* 224 Ga. 20 (1) (159 SE2d 387) (1968). Since the defendants were afforded a full opportunity, with adequate notice, to present their opposition to the imposition of sanctions, the initial lack of a hearing does not require reversal.

On the merits of the order striking the answers of two defendants, they argue on appeal that the order compelling discovery was not sufficiently specific to inform them what items were being sought by the plaintiff. "However, this issue was not raised below and will not be considered on appeal. [Cit.]" *Miness v. Miness,* 254 Ga. 658 (3)

(333 SE2d 574) (1985). We find no error in the trial court's order striking the answer of two of the defendants.

2. After the plaintiff rested its case, the trial court announced to the defendants' counsel that the defense would not be permitted to put on any evidence to contest liability, but would be limited to contesting the extent of damages. The basis for that ruling was the failure of the defendants to participate in the production of a pre-trial order. The trial court repeatedly made clear its understanding of the effect of that failure:

> As I understand the law, since the defendants have chosen not to file a pre-trial order, they are actually in default, and the only thing they can put up is the parties to challenge the amount of damages. . . . You're in default . . . because you put up no pre-trial order, and the pre-trial order supersedes the pleadings. . . . [Y]ou're just able to challenge damages, mitigation of damages, just like it was in default is what it is. You chose not to file a pre-trial order.

Counsel for the defendants objected, but the trial court maintained its position that the defendants could not challenge liability. They enumerate that ruling as error.

In *Ambler v. Archer*, 230 Ga. 281, 288-289 (196 SE2d 858) (1973), this court discussed this issue at some length:

> [T]he real question presented is what sanctions should attach to disobedience of the order of the court directing the parties to agree on a pre-trial order, or upon the failure of counsel to attend a pre-trial conference previously set by order of the court, and participate in the making of the pre-trial order which was finally entered. It, undoubtedly, must lie within the power of the court to impose appropriate sanctions to make effective its pre-trial orders. . . . [N]o harsher sanctions should be imposed than are necessary to vindicate the court's authority: "Contempt may at times be proper; and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, but these remedies are too drastic if less harsh sanctions are appropriate." [Cits.] "[T]he withdrawal from the defendant of the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case seems drastic." [Cits.]

See also *Boatright v. First Nat. Bank of Alma*, 166 Ga. App. 167 (1) (303 SE2d 506) (1983). We see no significant difference between this case and those cited. *Echols v. Bridges*, 239 Ga. 25 (235 SE2d 535)

(1977), relied upon by the plaintiff, is significantly different in that it did not involve a failure to participate in a pre-trial conference and did not involve so extreme a sanction as considering the defendant to be in default.

As was the case in *Ambler v. Archer,* supra, the sanction imposed here was too harsh. While it appears from the record that the duration of this litigation was extended at least in part by a lack of cooperation by the defendants and their various counsel at the trial level (appellate counsel did not enter this case until after judgment was rendered below), sanctions are available which can be used to curb such behavior without preventing a resolution of the case on the merits. The contempt power of the court and the provisions of OCGA § 9-15-14 are illustrative of the array of sanctions available which stop short of foreclosing the presentation of the merits of one side of a controversy.

> Without belaboring the point any further, we think it is clear that under the circumstances of this case the refusal of the trial court to permit counsel for the [defendants to present evidence on the issue of liability] was too harsh a sanction to impose upon them on account of the failure of their counsel to attend the . . . pre-trial hearing or because of his failure to formulate in cooperation with opposing counsel a pre-trial order. . . . Such action unnecessarily punished the clients for the supposed negligence of their counsel, and may have resulted in the disposition of the case against them by reason of their inability to make out their side of the controversy before a jury. Such a disposition resulted from considerations not related to the merits of the case. For these reasons, the judgment must be reversed. [Id. at 289.]

Since the limitations on the defendants' presentation of their case were so broad as to affect even the defense against the plaintiff's claims of damages, the judgment must be reversed as to all the defendants, including the two who remain in default. The case returns, therefore, to its position immediately before trial: two defendants are in default and cannot contest liability; the rest of the defendants may contest the imposition of liability; and all the defendants may participate in a presentation of the merits of the damages portion of the case. This resolution of this appeal renders unnecessary consideration of the remaining issues raised by the defendants since those issues depend on the conduct of the trial and the state of the record, both of which may be substantially different upon a retrial of the matter.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED MARCH 6, 1991 —
RECONSIDERATION DENIED MARCH 28, 1991.

*Carl V. Kirsch,* for appellants.
*James S. Altman,* for appellee.