A92A1139. ALL SOUTH MINI STORAGE #2, LTD. et al. v. WOODCON CONSTRUCTION SERVICES, INC. et al.
(422 SE2d 282)

COOPER, Judge.

Appellees filed an action against appellants for breach of contract, alleging that appellants failed to pay for construction services performed by appellees. Appellants filed an answer and counterclaim against appellees, contending that appellees failed to perform the work in a workmanlike manner. On November 27, 1990, the trial court entered an order directing all parties to appear at a pretrial conference on January 28, 1991. When appellants failed to appear at the scheduled pretrial conference, the trial court entered an order striking appellants' answer, entering a default judgment against appellants for $17,950 plus interest and attorney fees and dismissing appellants' counterclaim with prejudice. Appellants appeal from that order, asserting that the trial court abused its discretion in entering a default judgment for appellees and in dismissing appellants' counterclaim with prejudice.

We first address appellants' argument that the trial court erred in dismissing their counterclaim with prejudice. " 'The authority of the trial court to dismiss [a] plaintiff's complaint for failure to appear at a pretrial hearing is clearly established by OCGA § 9-11-41 (b) and Weeks v. Weeks, 243 Ga. 416 (254 SE2d 366).' [Cit.] 'An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by this court in the absence of an abuse of that discretion.' [Cit.]" Peachtree Winfrey Assoc. v. Gwinnett County Bd. of Tax Assessors, 197 Ga. App. 226 (398 SE2d 253) (1990). However, a dismissal for failure to prosecute does not operate as an adjudication on the merits. OCGA § 9-11-41 (b) (1). Therefore, a dismissal for failure to prosecute must be without prejudice, and the trial court abused its discretion in dismissing with prejudice appellants' counterclaim. Leach v. Aetna Cas. &c. Co., 172 Ga. App. 785 (324 SE2d 494) (1984).

We next address appellants' argument that the trial court erred in striking their answer and entering a default judgment in favor of appellees. Appellants contend that this sanction was unduly harsh.

We agree. In *Ambler v. Archer*, 230 Ga. 281 (196 SE2d 858) (1973), the Supreme Court of Georgia discussed the issue of the appropriate sanctions for failure to comply with a pretrial order. The Supreme Court stated: "[T]he real question presented is what sanctions should attach to disobedience of the order of the court directing the parties to agree on a pre-trial order, or upon the failure of counsel to attend a pre-trial conference previously set by order of the court, and participate in the making of the pre-trial order which was finally entered. It, undoubtedly, must lie within the power of the court to impose appropriate sanctions to make effective its pre-trial orders. . . . 'Contempt may at times be proper; and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, but these remedies are too drastic if less harsh sanctions are appropriate. [Cit.]' " (Indention omitted.) Id. at 288-289. It is undisputed that appellants were aware of the order requiring their appearance at the pre-trial conference and participation in the formulation of a pretrial order.[1] However, it appears that "sanctions [were] available which [could have been] used to curb such behavior without preventing a resolution of the case on the merits. The contempt power of the court and the provisions of OCGA § 9-15-14 are illustrative of the array of sanctions available which stop short of foreclosing the presentation of the merits of one side of a controversy." *Carder v. Racine Enterprises*, 261 Ga. 142, 144 (401 SE2d 688) (1991). We conclude as in *Ambler* and *Carder* that the sanction imposed for appellants' failure to appear at a pretrial conference was too harsh.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 8, 1992.

*Dana A. Azar,* for appellants.
*Cornelison & Associates, Rex P. Cornelison III,* for appellees.

---

[1] We also note that appellees moved for an order directing the parties to appear at a pretrial conference after they were notified of appellants' counsel's intent to withdraw from the case and that the order allowing appellants' counsel to withdraw was entered one day before the order directing the parties to appear at a pretrial conference.