A94A2411. OMNI EXPRESS, INC. v. KENNEDY.
(455 SE2d 83)

McMURRAY, Presiding Judge.

Omni Express, Inc. (plaintiff) brought an action against Paul Russell Kennedy, Jr. (defendant), seeking to vacate an arbitration award resolving a dispute between the parties. The substantive portion of plaintiff's complaint reads as follows: "This Complaint is to vacate a March 23, 1993 arbitration award to which Plaintiff and Defendant were parties. Plaintiff seeks vacation of the aforesaid arbitration award pursuant to O.C.G.A. § 9-9-13."

Defendant denied that any factual basis exists for vacating the arbitration award and moved to dismiss plaintiff's complaint, contending the petition fails to allege any fact supporting one of the grounds specified in OCGA § 9-9-13 (b) (1) through (4) for vacating an arbitration award. The trial court agreed, but did not dismiss plaintiff's action. Instead, the trial court entered (in pertinent part) the following order: "Defendant's Motion to Dismiss shall not be granted at this time. . . . Plaintiff must amend its application to vacate [the arbitration award] within thirty days of this Order so that the application sets forth with greater particularity the ground(s) upon which Plaintiff is seeking to vacate the arbitration award. If Plaintiff fails to comply with this Order, the Court shall grant Defendant's Motion to Dismiss."

Plaintiff did not comply with the trial court's directive, waiting 35 days before filing an amended complaint specifying allegations for vacating the arbitration award. In response, defendant denied the material allegations of plaintiff's amended complaint and counterclaimed for confirmation of the arbitration award pursuant to OCGA § 9-9-12. Defendant then filed a motion to strike plaintiff's amended complaint, renewed his motion to dismiss and moved for summary judgment on his counterclaim.

The trial court, "pursuant to its previous order in this matter[,

granted] Defendant's motion to dismiss and motion to strike [plaintiff's] first amended complaint." The trial court also granted summary judgment in favor of defendant on his counterclaim for confirmation of the arbitration award. This appeal followed. *Held*:

In his sole enumeration, plaintiff contends "[t]he trial court erred in imposing a time constraint on [the] right to amend its pleadings prior to the entry of a pretrial order and in dismissing [its] complaint." This contention is without merit. OCGA § 9-11-41 (b) authorizes the trial court, upon motion, to dismiss any action for failure of the plaintiff to comply with an order of the court. *Weeks v. Weeks*, 243 Ga. 416 (254 SE2d 366).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED MARCH 6, 1995.

*M. Glenn Howell, Sr.,* for appellant.

*Brennan, Harris & Rominger, Richard J. Harris,* for appellee.