## A00A1475. MAUPIN v. VINCENT.
### (538 SE2d 529)

PHIPPS, Judge.

The issues in this case are whether the trial court's dismissal with prejudice of Walter Maupin's counterclaim due to his failure to attend a pre-trial conference and the subsequent judgment in favor of Robert Vincent on his complaint were proper under Uniform State Court Rule 7.1 or Rule 14 or OCGA § 9-11-41 (b). We conclude that the trial court's actions were an abuse of discretion and therefore reverse.

On October 1, 1998, Vincent filed a complaint against Maupin. Maupin filed an answer and asserted a counterclaim. The Fayette County State Court ordered all parties to appear at a pre-trial conference on September 9, 1999. Maupin failed to appear at the pre-trial conference, and as a result, the trial court dismissed his counterclaim with prejudice and entered judgment in favor of Vincent on his complaint in the amount of $12,065.33, plus post-judgment interest.

1. Did the trial court err in dismissing Maupin's counterclaim with prejudice because of his failure to appear at a pre-trial conference? The trial court has authority to dismiss a counterclaim for fail-

ure to appear at a pre-trial hearing.[1] "An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by this court in the absence of an abuse of . . . discretion."[2] But, dismissal for failure to prosecute does not operate as an adjudication on the merits.[3] Moreover, Uniform State Court Rule 7.1 explicitly states that failure to appear at the pre-trial conference without legal excuse "shall authorize the court to remove the action from any trial calendar . . . or impose any other appropriate sanction, except dismissal of the action with prejudice." Uniform State Court Rule 14 states "[o]n its own motion or upon motion of the opposite party, the court may dismiss without prejudice any civil action, or where appropriate, any pleading filed on behalf of any party upon the failure to properly respond to the call of the action for trial or other proceeding." Thus, we find that the trial court abused its discretion by dismissing Maupin's counterclaim with prejudice.

2. Maupin claims that the trial court abused its discretion by entering judgment in favor of Vincent on his complaint when Maupin failed to appear at the pre-trial conference. In *Ambler v. Archer*,[4] the Supreme Court of Georgia addressed the question of appropriate sanctions for failure to appear at a pre-trial hearing. Less drastic sanctions, such as contempt and an award of attorney fees, are preferred over striking an answer because they allow the presentation of the merits of the case.[5] We conclude that the "withdrawal from the defendant of the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case [was unduly harsh and an abuse of discretion]."[6]

*Judgment reversed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 22, 2000.

*Mozley, Finlayson & Loggins, Eric D. Griffin, Jr.,* for appellant. *Smith, Currie & Hancock, Stephen G. Joy,* for appellee.

---

[1] OCGA § 9-11-41 (b), (c); see *Peachtree Winfrey Assoc. v. Gwinnett County Bd. of Tax Assessors,* 197 Ga. App. 226 (398 SE2d 253) (1990).

[2] (Citation and punctuation omitted.) *All South Mini Storage #2 v. Woodcon Constr. Svcs.,* 205 Ga. App. 393 (422 SE2d 282) (1992).

[3] OCGA § 9-11-41 (b).

[4] 230 Ga. 281, 288 (1) (196 SE2d 858) (1973).

[5] Id. at 289; *Littrell v. Ghrist,* 212 Ga. App. 465, 466 (442 SE2d 306) (1994).

[6] (Punctuation omitted.) *Ambler,* supra at 289 (1).