### A09A2346. WILSON v. McNEELY.
#### (690 SE2d 512)

SMITH, Presiding Judge.

Gary Wilson appeals, pro se, from the trial court's order dismissing his complaint with prejudice based upon his failure to supplement his discovery responses and submit his portion of a pre-trial order. In seven related enumerations of error, Wilson contends the trial court erred by dismissing his complaint with prejudice. For the reasons set forth below, we vacate the trial court's order and remand this case to the trial court for consideration of a less harsh sanction.

This case involves a legal malpractice action filed by Wilson against Richard McNeely in connection with a real estate closing. It is the second appearance of this case before this court. In *Wilson v. McNeely*, 295 Ga. App. 41, 43 (1) (670 SE2d 846) (2008), we reversed a jury verdict in favor of McNeely because the trial judge should have recused herself.

The record shows that the trial court ordered Wilson to appear at a pre-trial conference two weeks before a specially set trial with his portion of a pre-trial order. At the time this order was issued, Wilson's attorneys had withdrawn, and he was not represented by counsel. When Wilson appeared for the scheduled pre-trial conference, he did not have his portion of the pre-trial order prepared and had not yet obtained counsel. Defense counsel moved for dismissal of his complaint based upon Wilson's failure to prepare his portion of the pre-trial order, and the trial court granted the motion at the conclusion of the hearing. In a written order issued the same day, the

trial court dismissed Wilson's complaint with prejudice based upon his failure "to supplement his discovery responses as to who his expert witnesses will be" and failure to prepare his portion of the pre-trial order.

1. Wilson asserts the trial court erred by dismissing his complaint with prejudice for his failure to prepare his portion of the pre-trial order while unrepresented by counsel. We agree.

In *Ambler v. Archer*, 230 Ga. 281, 288-290 (196 SE2d 858) (1973), the Supreme Court addressed

> what sanctions should attach to disobedience of the order of the court directing the parties to agree on a pre-trial order, or upon the failure of counsel to attend a pre-trial conference previously set by order of the court, and participate in the making of the pre-trial order which was finally entered.

Id. at 288-289. After recognizing that the trial court must have the power "to impose appropriate sanctions to make effective its pre-trial orders," the Supreme Court noted that " '[c]ontempt may at times be proper; and *in an extreme case* the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense, but these remedies are too drastic if less harsh sanctions are appropriate.' " (Emphasis supplied.) Id. at 289.

After the Supreme Court's decision in *Ambler*, supra, both the Supreme Court and this court have held that the ultimate sanction of dismissal of a complaint or the striking of an answer was too harsh a sanction for a party's failure to comply with its pre-trial order obligations. See *Littrell v. Ghrist*, 212 Ga. App. 465, 466 (442 SE2d 306) (1994) (reversing overly harsh dismissal of counterclaim and striking of answer for failure to file pre-trial information sheet form or attend calendar call as previously ordered); *All South Mini Storage #2 v. Woodcon Constr. Svcs.*, 205 Ga. App. 393-394 (422 SE2d 282) (1992) (entry of default judgment for defendant's failure to appear at pre-trial conference was too harsh); *Carder v. Racine Enterprises*, 261 Ga. 142, 143-144 (2) (401 SE2d 688) (1991) (dismissal for failure to participate in production of pre-trial order too harsh). Based upon these decisions and the lack of any aggravating circumstances in the record, we conclude that Wilson's simple failure to prepare his portion of the pre-trial order did not warrant the extreme sanction of dismissal with prejudice.[1]

---

[1] Our opinion in *Omni Express v. Kennedy*, 216 Ga. App. 485 (455 SE2d 83) (1995), does not demand a different result because *Omni Express* did *not* involve a party's failure to fulfill its pre-trial order obligations. Instead, it involved a party's failure to amend a complaint as ordered by the trial court. As a result, the Supreme Court's decision in *Ambler*, supra, relating

We also conclude that Wilson's failure to supplement his discovery responses to identify an expert witness fails to justify a dismissal with prejudice. "The only appropriate remedy for [a party's] failure to update [his] discovery response[ ] was postponement of trial or a mistrial." (Citations and punctuation omitted.) *Hart v. Northside Hosp.*, 291 Ga. App. 208, 210 (1) (661 SE2d 576) (2008). See also *Porter v. Wellstar Health System*, 299 Ga. App. 481, 482-483 (683 SE2d 35) (2009) (extreme sanction of dismissal not warranted by party's failure to identify expert witnesses in supplemental discovery response).

2. Wilson's remaining enumerations of error are rendered moot by our holding in Division 1.

*Judgment vacated and case remanded with direction. Phipps and Bernes, JJ., concur.*

DECIDED FEBRUARY 3, 2010.

*Rodney K. Wilson*, for appellant.

*Brown Rountree, Charles H. Brown, Laura H. Wheaton*, for appellee.

---

to sanctions for failing to comply with pre-trial order obligations was not applied in that case. The Supreme Court's opinion in *Weeks v. Weeks*, 243 Ga. 416 (254 SE2d 366) (1979), lacks a sufficient recitation of the facts for us to determine whether the facts in this case are sufficiently similar to mandate the extreme sanction of a dismissal with prejudice. The limited facts in *Weeks* do show, however, that the plaintiff in *Weeks* was represented by counsel and that neither the plaintiff, nor his counsel, appeared for a pre-trial conference. Because these facts are absent from the present case, we are not persuaded that *Weeks* requires a different outcome.