## A10A0310. GENERAL ELECTRIC CAPITAL CORPORATION v. BROWNING MULCH COMPANY, INC. et al.

(694 SE2d 380)

ADAMS, Judge.

General Electric Capital Corporation ("GECC") appeals the trial court's order dismissing with prejudice its Petition for Immediate Writ of Possession and for Damages.

GECC filed its petition against Browning Mulch Company, Inc., f/k/a BFB Logistics, Inc. d/b/a Georgia Nuggets, Inc., Browning Straw Company, Inc. and Bobby F. Browning (collectively "Browning") on February 21, 2008.[1] On February 26, the trial court entered a Temporary Restraining Order against Browning and an Immediate Writ of Possession as to certain personal property in the possession of Browning Mulch, BFB Logistics and Browning Straw. Browning Mulch and BFB Logistics filed a joint Answer and Counterclaim to the Petition, and Bobby Browning filed a separate Answer and Counterclaim. Browning Straw did not file an answer or otherwise enter an appearance below.

The matter was placed on the June 23, 2009, calendar call, but GECC moved for a continuance. Subsequently, on July 13, 2009, the trial court issued an order directing the parties to prepare and file a pretrial brief by 4:00 p.m. on July 31, 2009, and to appear for trial on August 10, 2009. The record contains no evidence that either party prepared a pretrial brief in the case.

---

[1] We note that Browning failed to file a brief on appeal.

On August 19, 2009,[2] the trial court entered a "Dismissal with Prejudice," dismissing the case on the ground that GECC failed to file a pretrial brief and also failed to appear at the August 10 calendar call. The order states that "[f]ollowing the sounding of this case by the Court[,] defendants announced ready, but there was no appearance or announcement by [GECC]. On motion made by defendants' counsel this case is ordered dismissed with prejudice, with costs to [GECC]."

On September 15, 2009, GECC filed a motion to set aside the judgment on the ground that neither its Chattanooga, Tennessee counsel nor its local counsel received the June 13 order directing the parties to file a pretrial brief and placing the case on the August 10 calendar. The motion was supported by affidavits from each counsel. But before the trial court could rule on this motion, GECC filed its notice of appeal on September 18, 2009, 30 days after the entry of the Dismissal with Prejudice.

"An order of dismissal for failure to appear is discretionary with the trial court and is not subject to review by this court in the absence of an abuse of discretion." (Punctuation and footnote omitted.) *Maupin v. Vincent*, 245 Ga. App. 635, 636 (1) (538 SE2d 529) (2000). GECC argues on appeal that the trial court abused its discretion by dismissing this action with prejudice. We agree.

OCGA § 9-11-41 (b) makes clear that a dismissal for failure to prosecute should not operate as an adjudication on the merits. Moreover, under Uniform Superior Court Rule 14, the trial "court may dismiss *without prejudice* any civil action . . . upon the failure to properly respond to the call of the action for trial. . . ." (Emphasis supplied.) Thus, "[t]hese authorities restrict the dismissal of an action for failure to appear at the call of the case to one without prejudice." (Citation, punctuation and footnote omitted.) *Bonner v. Green*, 263 Ga. 773 (438 SE2d 360) (1994). And to the extent that the dismissal was also based upon the failure of GECC to comply with the order to file a pretrial brief, we note that the record contains no indication that Browning complied with the trial court's order in this regard. Moreover, there is nothing in the record to indicate that GECC failed to comply with or to respond to any other order or communication of the trial court.

Under these circumstances, we find that the trial court abused its discretion in dismissing this case with prejudice, and we reverse. See *Bonner*, 263 Ga. at 773; *Wolfpack Enterprises v. Arrington*, 272 Ga. App. 175, 176 (1) (612 SE2d 35) (2005); *Maupin*, 245 Ga. App. at 635 (1).

---

[2] This order was signed on August 11 nunc pro tunc to August 10, 2009.

*Judgment reversed. Smith, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2010.

*Husch, Blackwell & Sanders, Camden B. Scearce, Jr.*, for appellant.

*Edward H. Warnock*, for appellees.