**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**June 19, 2014**

# In the Court of Appeals of Georgia

A14A0232. LEE HADDOCK & ASSOCIATES, LLC et al. v. BARLOW.

ANDREWS, Presiding Judge.

Lee Haddock & Associates, LLC (LHA), a residential building contractor, entered into a contract with Phillip R. Barlow for construction of a residence for Barlow. The parties mutually ended their contractual relationship before LHA completed construction of the residence, and LHA sued Barlow seeking recovery of damages on the basis of breach of contract (including attorney fees pursuant to OCGA § 13-6-11) and other theories. Barlow answered, denied liability, and asserted counterclaims against LHA and Lee Haddock, individually, seeking damages on the basis of breach of contract, negligence, and fraud. After LHA failed to submit its portion of the proposed pre-trial order, the trial court adopted Barlow's portion of the

proposed pre-trial order as the final pre-trial order controlling the case. The case was tried in a bench trial during which the court denied LHA's motion to amend the final pre-trial order to include its breach of contract and attorney fees claim. At the conclusion of the trial, the court (1) refused to consider evidence admitted during the trial in support of LHA's breach of contract claim (because the claim was not included in the final pre-trial order) and entered an order dismissing that claim, and (2) entered a judgment in favor of Barlow on his counterclaims for breach of contract, negligence, and fraud, including the award of attorney fees, expenses, and punitive damages. LHA and Haddock appeal.

For the following reasons, we reverse the trial court's dismissal of LHA's breach of contract (and related attorney fees claim), vacate the judgment entered in favor of Barlow, and remand the case with directions: (1) that the court consider the evidence previously admitted in support of LHA's breach of contract claim along with all the other evidence previously admitted in the case; (2) that the court permit LHA to introduce additional evidence in support of its claim for attorney fees pursuant to OCGA § 13-6-11; and (3) that the court reconsider all the evidence and enter a new judgment in the case.

1. We agree with LHA that the trial court erred by denying its motion to amend the final pre-trial order; by refusing to consider evidence admitted in support of its breach of contract claim (and related attorney fees claim); and by dismissing that claim at the conclusion of the trial on the basis that LHA forfeited consideration of the merits of the claim when it failed to submit its portion of the pre-trial order.

After LHA filed its complaint and Barlow answered and asserted counterclaims, the trial court set a pre-trial hearing on January 24, 2011, at which the parties were each required to file their proposed portion of the final pre-trial order to be entered by the court. Barlow and his counsel appeared and filed Barlow's portion of the pre-trial order, but LHA and its counsel did not appear and did not file LHA's portion of the pre-trial order. The trial court informed LHA's counsel that, if LHA's portion of the pre-trial order was not filed within two weeks of the hearing, Barlow's portion of the pre-trial order would be made the final pre-trial order which would control the trial of the case. LHA did not thereafter file its portion of the pre-trial order, and on March 28, 2011, the trial court entered an order making Barlow's amended pre-trial order (filed on March 28, 2011) the final pre-trial order in the case. The trial court subsequently gave LHA and its counsel an opportunity to move to

amend the final pre-trial order within ten days of June 6, 2011, but no motion to amend was filed during that period.

The bench trial of the case commenced on October 12, 2011, with the parties represented by counsel. The case was tried intermittently over four days: October 12, 2011; November 1, 2011; December 20, 2011; and March 7, 2012. The only claim advanced by LHA against Barlow at the trial was a claim for breach of contract for amounts it claimed remained unpaid for work completed before the parties mutually ended the contract. Prior to presentation of evidence on October 12, the trial court noted that it had entered an order making Barlow's portion of the pre-trial order the final pre-trial order controlling the issues in the case. The court stated that, although this was not "exactly akin to a default judgment being entered, it certainly constrains what can be presented in terms of the evidence in the case." Nevertheless, the court found that the final pre-trial order "indicates that the first issue for the Court to decide is whether the parties' agreement was breached and by whom." Based on that language in the final pre-trial order, the court stated that, "I will allow [LHA] to put up some evidence with respect to that breach-of-contract claim that appears to still be at least contemplated by the pretrial order . . . but I'm probably going to pretty closely limit what evidence I'm going to allow you to put up on that particular issue."

4

When counsel for Barlow pointed out that, although the final pre-trial order stated breach of contract was an issue, it did not present any issue as to whether LHA was entitled to damages for breach of contract, the trial court responded by adjusting its instructions to counsel on the admission of evidence in support of LHA's breach of contract claim, as follows:

> And so it's an unusual situation, and I'll just have to see how the evidence unfolds. And if you think there are appropriate objections to be made based on where we are procedurally, what I may do, as I indicated in chambers, is allow some evidence in and then make a final determination as to whether or not I'll consider it in making the final determination of the case, which would hopefully prevent us from having to retry it if I make the incorrect decision. But nevertheless, there may be some evidence I'll let in over objection and then make a determination as to whether I'll consider it in the final determination of the case.

Thereafter, LHA presented evidence in support of its breach of contract claim. In response to Barlow's first objection to evidence supporting LHA's breach of contract claim, the trial court initially ruled that it would admit the evidence, but only for the purpose of disputing Barlow's counterclaims. In response to a second similar objection by Barlow, the court ruled that it would admit evidence of LHA's breach of contract claim and defer ruling on whether the court would consider this evidence in its final determination of the case. The record shows that the trial court did not

5

exclude evidence from the trial related to LHA's breach of contract claim, but admitted it and deferred ruling on whether it would consider the evidence in reaching a final judgment in the case. When LHA concluded presentation of its evidence on the second day of trial on November 1, Barlow moved for dismissal of LHA's breach of contract claim arguing that the court should decline to consider evidence supporting the claim because it was not included in the final pre-trial order controlling the case. The trial court deferred its ruling on the motion until the conclusion of the case. Although LHA attempted to introduce additional evidence in support of its related claim for attorney fees pursuant to OCGA § 13-6-11, the trial court refused to admit that evidence because it found that the attorney fee claim was not included in the final pre-trial order controlling the case.

Shortly after the trial resumed for its third day on the morning of December 20, 2011, the trial court granted a continuance motion made by counsel for LHA based on his representation that for "personal health" reasons, he was unable to continue. On January 23, 2012, new counsel was substituted in the case for LHA, and on February 22, 2012, new counsel filed a motion requesting that the final pre-trial order in the case be amended to include LHA's breach of contract and related attorney fees claim. When the trial recommenced for its fourth and final day on March 7, 2012, the

6

trial court denied LHA's motion to amend the final pre-trial order, ruling that the motion was untimely and that LHA had twice failed to file its portion of the pre-trial order and failed to move to amend the final pre-trial order prior to trial. In denying the motion, the trial court further ruled that allowing the amendment at that point in the trial would unfairly prejudice Barlow. At the conclusion of the trial, the court granted Barlow's motion to dismiss, ruled that neither LHA's breach of contract claim nor any damages related thereto were included in the final pre-trial order controlling the case, and dismissed the claim. The court entered judgment in favor of Barlow on his counterclaims.

The final pre-trial order "controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). "[U]nless the pretrial order is modified at or before trial, a party may not advance theories or offer evidence that violate the terms of the pretrial order." *Ga. Dept. of Human Resources v. Phillips*, 268 Ga. 316, 318 (486 SE2d 851) (1997). "The trial court has the power to impose appropriate sanctions to make effective its pretrial orders[, including dismissal of claims for failure to appear at a hearing to consider the pre-trial order,] and appellate courts review the action taken for abuse of discretion." *Robinson v. Williams*, 280 Ga. 877, 878 (635 SE2d 120) (2006); *Maupin v. Vincent*, 245 Ga.

App. 635, 635-636 (538 SE2d 529) (2000). In *Ambler v. Archer*, 230 Ga. 281 (196 SE2d 858) (1973), the Supreme Court considered the appropriate sanctions for failure to obey a court order directing the parties to submit proposed pre-trial orders, or failure of counsel to attend a pre-trial hearing to participate in formulating the final pre-trial order to be entered in the case. Id. at 288-289. *Ambler* held that, although "[c]ontempt may at times be proper; and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense . . . these remedies are too drastic if less harsh sanctions are appropriate." Id. at 289 (citation and punctuation omitted). Where less harsh sanctions are appropriate, courts should avoid unnecessarily punishing parties for the supposed negligence of their counsel, and promote disposition of cases on the merits. Id. at 289. This is especially true where, as in the present case, allowing the proffered amendment to the pre-trial order would not have surprised or prejudiced the opposing party. Id. at 288. The record shows that the trial court allowed LHA to introduce evidence during the trial supporting its breach of contract claim against Barlow, but deferred ruling on whether the court would later consider the evidence in reaching a judgment. Moreover, as the court recognized, the same evidence the court conditionally

admitted on LHA's breach of contract claim was otherwise admissible on LHA's defense of Barlow's counterclaims.

Under the circumstances, we find that the trial court abused its discretion by denying the motion filed by LHA's new counsel seeking to amend the final pre-trial order to allow LHA to pursue its breach of contract and related attorney fees claim, and by sanctioning LHA by dismissing its claim. *Ambler*, 230 Ga. 281; *Wilson v. McNeely*, 302 Ga. App. 213, 214 (690 SE2d 512) (2010).

2. We need not address LHA's remaining claims which related to alleged errors in the vacated judgment.

*Judgment reversed in part, vacated, and case remanded. McFadden, J., concurs. Ray, J., concurs in judgment only.*