**FIRST DIVISION
BARNES, P. J.,
GOBEIL and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**_DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES._**

**September 8, 2021**

# In the Court of Appeals of Georgia

A21A0706. CORTES et al. v. GEORGIA POWER COMPANY.

GOBEIL, Judge.

The plaintiffs, Adriana Cortes and Ricardo Cortes, on behalf of themselves and their minor children, Valeria Cortes and Diana Cortes, filed an action against Georgia Power Company following a collision with one of Georgia Power's vehicles. The trial court ultimately dismissed their action for want of prosecution after the parties failed to comply with a court order to meet a deadline for filing a proposed scheduling order. The plaintiffs appeal, contending that the trial court abused its discretion in dismissing their action. For the reasons stated below, we vacate and remand to the trial court for reconsideration.

This action arose from a vehicle collision on March 10, 2017, when the plaintiffs' vehicle was rear-ended by a vehicle driven by a Georgia Power employee.

On March 23, 2018, the plaintiffs sued Georgia Power for personal injuries. The plaintiffs voluntarily dismissed their complaint without prejudice. Thereafter, the plaintiffs filed the instant renewal action. Georgia Power answered and denied causation and damages. On March 11, 2020, the trial court issued a preliminary case management order, in which it directed the parties to file a joint proposed scheduling order within 45 days of Georgia Power's answer.

On March 14, 2020, the Supreme Court of Georgia entered an "Order Declaring Statewide Judicial Emergency," in which the Supreme Court temporarily suspended all filing deadlines in pending cases in courts statewide.[1] The Emergency Order was extended on multiple occasions (April 6, 2020, May 11, 2020 ("Second Extension"), June 12, 2020 ("Third Extension"), July 10, 2020). In the Second and Third Extensions, the Supreme Court provided that trial courts were granted authority to reimpose deadlines and establish new deadlines and schedules after considering the particular circumstances of the case. Second Extension, p. 5,[2] Third Extension, p.

[1]https://www.gasupreme.us/wp-content/uploads/2020/03/CJ-Melton-amended-Statewide-Jud-Emergency-order.pdf (March 14, 2020).

[2]https://www.gasupreme.us/wp-content/uploads/2020/05/Second-Order-Extending-Declaration-of-Statewide-Judicial-Emergency-as-issued.pdf (May 11, 2020).

5.[3] In the Third Extension, the Supreme Court also laid out a plan to reinstate all deadlines and other time schedules and filing requirements as of July 14, 2020.

On July 10, 2020, the trial court entered a case management order in this case directing the parties to submit a proposed scheduling order within 20 days. The order also provided that if the parties failed to comply, the case would be dismissed for want of prosecution. After the parties failed to submit a proposed scheduling order by the deadline, the trial court entered a separate order in this case dismissing the plaintiffs' action without prejudice pursuant to OCGA § 9-11-41. This appeal followed.

The plaintiffs argue that the trial court abused its discretion in dismissing their action. Given this factual situation, we agree.

In civil cases, a trial court has broad discretion to establish pretrial procedure. See OCGA § 9-11-16 (a) (5). "This broad discretion extends to the setting of pretrial scheduling deadlines and other matters of case management." *Lee v. Smith*, 307 Ga. 815, 821 (2) (838 SE2d 870) (2020). See also *Martin v. Fulton County Bd. of Registration & Elections*, 307 Ga. 193, 211 (2) (835 SE2d 245) (2019) ("[T]rial

---

[3]https://www.gasupreme.us/wp-content/uploads/2020/06/THIRD_ORDER_ EXTENDING_DECLARATION_OF_STATEWIDE_JUDICIAL_EMERGENCY _AS_ISSUED.pdf (June 12, 2020).

courts have broad discretion over . . . scheduling and discovery-related issues."). "However, a trial court's discretion in fashioning an appropriate sanction for a party's failure to comply with a proper scheduling, discovery, or case management order is not unlimited." *Lee*, 307 Ga. at 821 (2). As the Supreme Court of Georgia has previously explained, "no harsher sanctions should be imposed than are necessary to vindicate the court's authority." *Ambler v. Archer*, 230 Ga. 281, 289 (1) (196 SE2d 858) (1973).

> Indeed, a trial court can abuse its discretion by imposing a sanction that is too harsh under the given circumstances of a case. This is so because a trial court must exercise some discretion by evaluating the specific circumstances surrounding a party's noncompliance with an order to properly determine what, if any, sanction is necessary to provide fairness to the parties and to vindicate the court's authority.

*Lee*, 307 Ga. at 821 (2). "[I]n instances where the trial court defaults to the most extreme sanction available based solely upon a party's failure to meet a deadline . . . without considering any other factors, that court will have abused its discretion." Id. at 821-822 (2).

Here, without apparent consideration of the any other circumstances,[4] the trial court applied the harshest sanction of dismissal just four days after the plaintiffs

---

[4] Such circumstances could include the unusual situation of the global pandemic and the impact of the resulting emergency orders.

4

missed the 20-day deadline set forth in the case management order. We therefore conclude that the trial court erred in dismissing the plaintiffs' complaint based *solely* on their failure to meet the deadline. See *Lee*, 307 Ga. at 822 (2) (trial court abused its discretion by excluding of a witness based solely on a late identification). See also *The Kroger Co. v. Walters*, 319 Ga. App. 52, 60 (2) (b) (735 SE2d 99) (2012) ("In a civil suit it is an abuse of discretion to exclude a relevant witness solely on the ground that the witness was not identified during discovery or in a timely manner."). For these reasons, we find the trial court abused its discretion in not considering the circumstances of why the plaintiffs failed to comply with the trial court's scheduling order before dismissing the action.

Accordingly, we vacate the dismissal order and remand the case with the direction that the court re-evaluate its ruling after considering the specific circumstances surrounding the parties' noncompliance with the case management order, including the plaintiffs' explanation for the failure to submit a scheduling order. See *Lee*, 307 Ga. at 821 (2), 824 (3). The trial court must also "determine what, if any, sanction is necessary to provide fairness to the parties and to vindicate the court's authority." See Id. at 821 (2). See also *Wilson v. McNeely*, 302 Ga. App. 213, 214 (1) (690 SE2d 512) (2010) (vacating the trial court's dismissal of a complaint and

remanding for the trial court to reconsider what would constitute an appropriate sanction, where plaintiff failed to prepare his portion of the pretrial order). If, after considering the circumstances, the trial court concludes again that dismissal was the appropriate sanction, the decision would still be subject to review on appeal. See *Lee*, 307 Ga. at 825 (4).

*Judgment vacated and the case remanded with direction. Barnes, P. J., and Markle, J., concur.*