## CAROLINA CONSTRUCTION COMPANY *v.* BRANCH, trustee.

ATKINSON, J. 1. In an equitable action for injunction and receiver, for cancellation of written instruments, and for recovery of personalty, instituted by a trustee in bankruptcy, the petition designated as party defendants an individual alleged to be wife of the bankrupt, and the Carolina Construction Co., alleged to be operated as a corporation by named individuals who were holding themselves out as president, vice-president, and secretary, respectively, but that the company "is not organized as a corporation" and "is not a corporate entity but as [is?] a partnership," and the purported officers "are in fact partners operating under said name." In other portions of the petition it was alleged that whether "said Carolina Construction Company . . be a partner-

Appeal and Error, 4 C. J. p. 688, n. 65.

Equity, 21 C. J. p. 447, n. 41, 42, 43; p. 454, n. 42, 43, 45.

Fraudulent Conveyances, 27 C. J. p. 765, n. 92.

Partnership, 30 Cyc. p. 581, n. 53.

Pleading, 31 Cyc. p. 104, n. 22; p. 105, n. 34; p. 329, n. 61; p. 436, n. 43.

ship or a corporation," it "is on notice" of certain facts, etc.; also that certain stock certificates were "issued" in designated amounts to the individuals purporting to be officers, but that "at the time of the issuance of said purported stock no corporation known as Carolina Construction Company· was authorized to issue such stock; no officers were authorized to issue such stock for any such corporation, and any purported issuance of stock to said parties was merely a part of said fraud." *Held,* that on demurrer the petition must be construed as alleging that the Carolina Construction Company was a partnership, and not a corporation.

2. The original petition did not allege the jurisdictional fact that either of the defendants resided in the county where the suit was brought. An amendment to the original petition was allowed, alleging that the wife of the bankrupt, one of the defendants, resided in the county. *Held:*

(a) The failure to allege jurisdiction in the original petition was an amendable defect. In the light of the ruling in the first division that the Carolina Construction Company was alleged to be a copartnership, there was no merit in the contention made that under the rulings in *Barbour* v. *Albany Lodge,* 73 *Ga.* 474, *Western & Atlantic Railroad Co.* v. *Dalton Marble Works,* 122 *Ga.* 774 (50 S. E. 978), and similar cases, the Carolina Construction Company was not alleged to be a natural or artificial person, and that consequently the original petition was not sufficient to support an amendment.

(b) The allegation that the wife of the bankrupt, one of the defendants and one of the alleged copartners in the Carolina Construction Company, resided in the county, was a sufficient allegation of jurisdiction as to the Carolina Construction Company.

(c) The judge did not err in allowing the amendment.

3. It was alleged among other things in the original petition, which contained but one count, that while owing debts due and past· due, the bankrupt of whose estate plaintiff was trustee in bankruptcy fraudulently transferred to his wife, by certain bills of sale, described personalty without consideration, both parties intending thereby to hinder and delay the creditors of the bankrupt; and that the wife, who individually was solvent, transferred the property by bill of sale to the Carolina Construction Company, she being a partner in that concern, the latter taking without consideration and with notice of the alleged fraud between the husband and wife. There were prayers .for cancellation of the several bills of sale, for injunction to prevent other transfers of the property, for appointment of a receiver, and for recovery of the property for the benefit of the creditors of the bankrupt. *Held:*

(a) The overruling of a general demurrer to a petition in equity is not an adjudication that plaintiff is entitled to every relief prayed, but is an adjudication that the petition is not without equity. *Gibson* v. *Wilson,* 130 *Ga.* 243 (2) (60 S. E. 565); *Johnson* v. *Wheelock,* 63 *Ga.* 623 (2). Consequently, if the petition is sustainable as to part of the equitable relief prayed, a· general demurrer to the petition as a whole should be overruled. *Hudson* v. *Hudson,* 119 *Ga.* 637 (46 S. E. 874); *Mayor &c. of Athens* v. *Smith,* 111 *Ga.* 870 (2) (36 S. E. 955); *Lowe* v. *Burke,* 79 *Ga.* 164 (2) (3 S. E. 449). See also *Hay* v. *Collins,* 118 *Ga.* 243 (44 S. E. 1002).

(*b*) The petition as amended alleged jurisdiction as to the parties, and a cause of action for cancellation of the several bills of sale and recovery of the property transferred by the bankrupt. Consequently, under application of the above principles, the judge did not err in overruling the separate general demurrer interposed by the Carolina Construction Company stating that the petition as a whole failed to allege a cause of action.

(*c*) It was not erroneous to overrule other grounds of demurrer setting up (1) that the petition failed to allege jurisdiction over the parties, (2) that the petition showed upon its face that plaintiff had an adequate remedy at law, (3) that the petition was duplicitous because it alleged that the demurrant was both a copartnership and a corporation, and was both solvent and insolvent (*Dalton* v. *Drake,* 75 *Ga.* 115), (4) that the petition contained a misjoinder of parties, in that it alleged that the defendant wife of the bankrupt was solvent, and it was not alleged that the Carolina Construction Company dealt with the bankrupt. *Andrews Co.* v. *National Bank of Columbus,* 129 *Ga.* 53 (3) (58 S. E. 633, 121 Am. St. R. 188, 12 Ann. Cas. 616).

4. In view of the principles of law stated in the preceding note, the decision on demurrer did not adjudicate the question of the plaintiff's right to the earnings or interest in the earnings of the alleged copartnership, and that question is not now for decision.

*Judgment affirmed. All the Justices concur.*

No. 5719. SEPTEMBER 21, 1927.

Equitable petition. Before Judge Howard. Fulton superior court. October 6, 1926.

*Neufville & Neufville,* for plaintiff in error.

*Horace Russell,* contra.