CHILDS, administrator; *v.* MITCHELL, guardian, *et al.*

No. 16336.   October 13, 1948.   Rehearing denied November 18, 1948.

*James D. Childs* and *Noah J. Stone*, for plaintiff.

*Mitchell & Mitchell, E. A. Wright*, and *Clifford Oxford*, for defendants.

HEAD, Justice. The petition in this case alleges that the deed which is sought to be canceled is testamentary in character, and that there was no delivery. The allegation that there was no delivery of the deed is one of fact, which must be considered as true in determining whether or not the petition will withstand a general demurrer.

The requisites of a deed to real property are stated in the Code, § 29-101, as follows: "A deed to lands must be in writing, signed by the maker, attested by at least two witnesses, and delivered to the purchaser, or someone for him, and be made on a valuable or good consideration." The defendant in error contends that a delivery of the deed is not necessary where the grantor reserves a life estate in the property, and quotes from 26 C. J. S. 239, § 42, as follows: "Where the grantor reserves a life estate in the property and its possession and control, his retention of the deed is not inconsistent with the idea that a delivery was

intended." We think that counsel's actual contention is that a manual delivery of the deed is not essential where the grantor reserves a life estate. "Manual delivery to the grantee or his agent is not the only way in which an intention to pass title to property may be signified by the grantor." 16 Am. Jur. 512, § 131. However, we are dealing with an allegation of a petition which states unequivocally that there was no delivery of the deed, and this must be construed to mean that there was no delivery in any manner that would be recognized by law.

Black's Law Dictionary (3rd ed.), p. 548, defines delivery in conveyancing as follows: "The final and absolute transfer of a deed, property executed, to the grantee, or to some person for his use, in such manner that it can not be recalled by the grantor." In 16 Am. Jur. 516, § 142, it is stated: "It is indispensable to the delivery of a deed that it pass beyond the control or dominion of the grantor; and where a grantor retains a deed which he executes in his possession and control until his death without doing anything to indicate an intention to deliver it, it is void for want of a delivery. In other words, where a deed is retained by the grantor, without delivery of it to anyone, with the intent that it shall not operate until his death, no disposition of the property is made thereby."

Should it be determined that the deed which is sought to be canceled is not testamentary in character, and was intended to convey a present estate, with the right of possession postponed, under the allegations of the petition it could not be effective to pass title by reason of the failure of delivery before the grantor's death.

If the deed is testamentary in character, it would be of no effect, since it was not executed in the manner which would entitle it to probate as a will. The test to determine whether an instrument is testamentary in character is "the intention of the maker to be gathered from the whole instrument, read in the light of the surrounding circumstances" (Code, § 113-102); and we do not decide the question of whether or not the document attacked is testamentary in character.

The trial judge erred in sustaining a general demurrer to the petition, and dismissing it as to the minor defendants.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*

ON MOTION FOR REHEARING.

Counsel for the plaintiff in error, in their motion for rehearing, contend that this court overlooked the fact that one ground of the demurrer sustained by the trial court was that "the deed is not testamentary in character," and that by not deciding a question which has been directly passed on by the trial court, this court is by implication affirming the judgment of the lower court on this ground of demurrer.

Whether or not the ground of demurrer, that the deed was not testamentary in character, stated a correct conclusion, the petition stated a cause of action for cancellation based on the alleged nondelivery of the instrument. A general demurrer to a petition that states a cause of action for any relief should be overruled. *Reese* v. *Reese*, 89 *Ga.* 652 (15 S. E. 846); *Ga. Peruvian Ochre Co.* v. *Cherokee Ochre Co.*, 152 *Ga.* 153 (108 S. E. 609); *Carolina Construction Co.* v. *Branch*, 164 *Ga.* 838 (139 S. E. 676).

If, upon a trial of the cause, sufficient evidence should be offered to raise a question of fact (for determination by a jury) as to delivery of the instrument, competent evidence then would be admissible as to the intention of the maker on the issue of the alleged testamentary character of the instrument, which can be determined only from the whole instrument and the surrounding circumstances. The allegations of the petition and the language of the instrument are sufficient to raise a question as to the intention of the maker thereof. Neither the trial court on demurrer, nor this court on review, should undertake to determine the intention of the maker, independent of evidence, except in those instances where the intention is not in doubt from the full contents of the instrument itself.

*Motion for rehearing denied.*