## 62463. ULMER v. SMITH.

BIRDSONG, Judge.

Default Judgment. Genny G. Smith invested $10,000 in American-Omni Corporation, the officers of which included appellant Edward Ulmer. Ulmer and another executed a $10,000 promissory note to Smith due in February, 1980. This note went into default and Smith brought suit against the corporation, its officers including Ulmer, and others. Answer was filed by the corporation and ostensibly on behalf of Ulmer. We note this answer was filed on the 33rd day after the filing of the complaint. On August 8, 1980, Smith filed notice to take the deposition of Ulmer on August 14. Ulmer did not appear. On August 15, Smith filed a motion for sanctions, which was not answered. On September 26, the court imposed a fine of $100 on Ulmer as a sanction. On September 30, 1980, a second notice to take deposition of Ulmer on October 14 was filed. This was rescheduled to October 24. Again, Ulmer did not appear. A second motion for sanctions was filed by Smith on October 31. On November 10, a motion in opposition to sanctions was filed by Ulmer. While this second motion for sanctions was pending, the case was noticed for trial on November 3, 1980. At the scheduled hearing, no defendant made an appearance. Smith moved the court for default judgment but the trial court took that motion under advisement. After motion in opposition to sanctions had been filed on November 10, 1980, Ulmer obtained the services of a new counsel. That counsel on November 24 filed motion to open default. It is not clear from the motion of November 24 or the affidavits executed by Ulmer accompanying the motion whether the motion was to reopen the $100 fine imposed on September 26 or referred to the pending motion filed by Smith for default judgment on November 3. At any rate, on December 1, 1980, the court declined to change the sanction imposed on September 26 for failure of Ulmer to appear or to offer a reasonable excuse for failing to appear at the deposition. In that order the court accepted an explanation offered by Ulmer for his failure to appear at the second notice for deposition on October 24 and declined to impose an additional sanction. In that same order on December 1, 1980, the trial court entered default judgment against Ulmer for failure to appear for trial on the merits on November 3, 1980. Though Ulmer presented no additional motion, the trial court apparently considered the motion to open default dated November 24, 1980 as a motion to open the default judgment entered on November 3. On February 4, 1981, the trial court refused to reopen the default judgment against Ulmer. On February 11, 1981, the trial court entered judgment against Ulmer in the amount of the $10,000

promissory note, $916 interest, and $1,637.40 attorney fees. Ulmer brings this appeal enumerating as his sole error the refusal to open default judgment. *Held:*

We affirm. Though it appears that Ulmer's motion to reopen arguably was limited to the sanctions imposed against him on September 26, the trial court extended the motion to reopen both to the removal of the sanction of September 26 and to the entry of default judgment on November 3, 1980. In that part of his order entering default judgment, however, the trial court very carefully limited the grant of default judgment and the refusal to reopen the same to Ulmer's failure to appear for trial on November 3. See *Gregson v. Webb,* 143 Ga. App. 577 (239 SE2d 230). In Ulmer's affidavit accompanying the motion to reopen, his sole defense appears to be limited to a lack of jurisdiction based on residency which he was willing to waive if the default were opened. Having a defense to an action is not in itself a ground to open default. *Early Co. v. Bristol Steel &c. Inc.,* 131 Ga. App. 775 (206 SE2d 612). For this relief to be granted, there must be a motion, meritorious defense, a legal excuse for non-appearance, and payment of costs and these must be made a part of the record. *B-X Corp. v. Fulton Plumbing Co.,* 140 Ga. App. 131, 132 (230 SE2d 331). In this case Ulmer totally failed to offer a legal excuse for his non-appearance on the day of trial on November 3, 1980. In the absence of any providential cause or excusable neglect in failing to appear for trial, the order of the trial court finding no such cause or neglect must be affirmed.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 17, 1981.

*W. Jason Uchitel,* for appellant.
*Christopher J. Valianos,* for appellee.