A05A0715. CITY OF ATLANTA v. PAULK.
(616 SE2d 210)

BARNES, Judge.

The City of Atlanta ("the City") appeals the trial court's entry of judgment against it following the imposition of sanctions for discovery violations. The City claims: (1) the trial court erred by finding it violated a discovery order and awarding attorney fees; (2) the trial court erred by imposing sanctions; and (3) the trial court should not have entered judgment against it because it had a valid defense under the Recreational Property Act embodied at OCGA § 51-3-20 et seq.

Because we find that the trial court did not abuse its discretion in concluding that the City wilfully failed to comply with its previous order granting Kirk Paulk's motion to compel, and thus striking the City's answer and granting a default judgment to Paulk on the issue of liability, we affirm.

The record shows that in November 2001, Paulk sued the City for personal injury after he fell while roller-blading on a public street in Piedmont Park that precluded access for cars. He fell when he skated over an area of the asphalt that was cut out and covered with leaves. The City answered and asserted, among other things, that Paulk's claim was barred by the Recreational Property Act.

When the City failed to adequately respond to Paulk's interrogatories and request for the production of documents, Paulk filed a motion to compel. The trial court granted the motion to compel and ordered the parties and their counsel to "appear at the precise location of the Plaintiff's fall on May 28, 2003 at 2:00 p.m." and,

> That with regard to Interrogatory 8, Defendant is directed to provide the requested information concerning any work within 50 feet of the location of Plaintiff's fall for a period of 6 months next [sic] prior to November 1, 1998.

> That with regard to Plaintiff's Request to Produce, Defendant shall produce those documents which relate to the Interrogatories which require the production of documents.

Interrogatory 8 required the City to "identify all work performed by the Defendant or at the request of the Defendant." Paulk's request for production asked the City to produce documents referenced in its responses to Interrogatories 3 and 6,[1] not Interrogatory 8.

In its amended response to Interrogatory 8, the City provided a computer printout of all work order requests "initiated in or for the entirety of Piedmont Park between 5/1/98 and 11/1/98." The work order summary included the date, the work order number, and a brief description of the work. The City also clarified that "the written work order does not specify the exact locations within the park, and it is not known whether any of these orders encompass the area sought." The City's amended response summarized fifteen work orders over the six-month period required by the trial court. In a June 27, 2003 letter that accompanied its supplemental response, the City stated that the work orders referred to in "Interrogatory No. 8 have been archived

---

[1] Interrogatory 3 requested information about whether the area where Paulk fell was part of a public park and Interrogatory 6 asked for information about repairs made after Paulk's fall.

and are not readily accessible," but volunteered to make the work orders available for review by Paulk's counsel. On July 1, 2003, Paulk's counsel wrote to the City and asked for a date to look at these records. When he received no response to this request, Paulk's counsel wrote again on July 17, 2003 and September 5, 2003. On November 14, 2003, Paulk moved to strike the City's answer based on its failure to produce the work orders. On December 30, 2003, the City filed an out-of-time response to the motion and argued that it fully complied with the trial court's order. On January 6, 2004, three days before the January 9 hearing on the motion, the City produced copies of the work orders to Paulk and stated, "As expected, none of these appear to give any information pertinent to matter in the interrogatory." The hearing on the motion for sanctions was not transcribed, but at the subsequent bench trial on causation and damages, the City made an offer of proof regarding the work orders, and a parks and recreation employee testified that he did not know how or why the area of pavement was cut out and could only speculate that utility workers might have cut out the area of pavement without notifying the City. He also testified that the requested work orders were not readily accessible, and that none of them had anything to do with the area where Paulk fell.

The trial court granted Paulk's motion for sanctions based on its conclusion that the City "clearly failed to comply with the Court's May 23, 2003 Order in that it produced no evidence of work performed within the area of Plaintiff's fall until the first week of January 2004 and only after Plaintiff filed his . . . Motion to Strike Defendant's Answer. . . ." According to the trial court, its previous order

> required the Defendant to produce all information concerning work done within 50 feet of the location of Plaintiff's fall over a period of 6 months prior to November 1, 1998. Plaintiff did not produce *any* of said discovery until January 6, 2004 with the case being on the trial calendar on January 9, 2004, thereby making it impossible for the Plaintiff to conduct discovery to ascertain information about various elements of his claim.

(Emphasis in original.) The trial court imposed the sanction of designating facts that established the City's liability for Paulk's injuries. See OCGA § 9-11-37 (b) (2) (A) (trial court may order that "designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order"). It also ordered the City's attorney to pay Paulk $880 in attorney fees. After an evidentiary hearing on the cause and extent of

Paulk's injuries, the trial court entered judgment against the City in the amount of $134,000.

1. The City contends the trial court erred by finding that it violated the trial court's discovery order and by imposing sanctions. It argues that the trial court ordered the City to produce all responsive documents which "relate" to Interrogatory 8, which required the City to identify all work done within 50 feet of the area Paulk was injured and within six months of the time he was injured, and that inasmuch as none of the requested documents related to that area, it was not required to produce the work orders.

> At some point, showing diligence without actually producing anything is an empty gesture. The trial court's job is to control its litigation, and it has broad discretion in ascertaining whether a party has made a good faith effort to comply with its orders or has wilfully failed to comply. . . . Historically it has been the policy of the Georgia appellate courts to refuse to interfere with a trial court's exercise of its discretion in absence of abuse. This policy is applicable to a trial judge's exercise of the broad discretionary powers authorized under the discovery provisions of the Civil Practice Act. We will affirm a trial court's finding of a wilful refusal to comply with discovery if any evidence supports it.

(Citations omitted.) *State Farm &c. Ins. Co. v. Health Horizons*, 264 Ga. App. 443, 446 (1) (590 SE2d 798) (2003).

In this case, the sanctions hearing was not transcribed, and although the trial court allowed the City to make an offer of proof regarding the work orders, and whether they related to the area where Paulk fell, we still do not know all that the trial court considered. The trial court heard the evidence at the hearing and without benefit of a transcript we cannot say that no evidence supports its finding that the City wilfully refused to comply with discovery. "In the absence of a transcript we must assume the trial court's action would be supported by the record." (Citation omitted.) *Myers v. Dept. of Human Resources*, 162 Ga. App. 885, 886 (293 SE2d 480) (1982). Accordingly, we find no abuse of discretion in the striking of the City's answer and the entry of default judgment against it. *McCane v. Cappett Corp.*, 151 Ga. App. 423 (2) (260 SE2d 379) (1979).

2. Because of our decision in Division 1, we need not address whether the City was entitled to its defense under the Recreational Property Act.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 23, 2005.

*Linda K. DiSantis, Kendric E. Smith*, for appellant.
*Michael J. Kramer*, for appellee.