S06A0861. ROBINSON v. WILLIAMS et al.

(635 SE2d 120)

BENHAM, Justice.

Appellant Arcelia Robinson is the niece of Eddie Dunn, who died intestate in July 2003, and appellees are the decedent's daughters, with appellee April Williams serving as the administratrix of Dunn's estate. The central issue in this litigation is the ownership of the decedent's home. The issue arose with appellee Toi Hailey's post-mortem discovery of a signed but unrecorded quitclaim deed on the decedent's Fulton County home executed by the decedent in 1993 and naming Ms. Robinson as grantee. Ms. Hailey found the deed in the decedent's safe deposit box that he kept in his bedroom. When Ms. Robinson claimed ownership of the real property based on the quitclaim deed, Ms. Williams, acting as administratrix, and Ms. Hailey filed suit. A jury found in favor of appellees and the trial court entered a judgment awarding the real property to the estate. Following the denial of her motion for new trial, Ms. Robinson filed this appeal in which she contends the trial court erroneously permitted a witness to testify, erroneously denied her motion for directed verdict, and erroneously awarded attorney fees to appellees.

1. In January 2004, the trial court issued an order requiring counsel for the parties to submit a proposed consolidated pretrial order two weeks prior to the call of the calendar. Counsel for appellees filed his proposed pretrial order the day of trial. In response to appellant's motion in limine filed as a result of appellees' untimely filing, counsel for appellees decided not to call most of the witnesses he had listed in the proposed pretrial order and the trial court struck one witness, thereby limiting appellees to presenting the testimony of the two appellees, the daughter of one of them, and a friend of the decedent. On appeal, appellant contends she suffered manifest injustice from the trial court's failure to prevent the daughter of one of the appellees from testifying.

The trial court has the power to impose appropriate sanctions to make effective its pretrial orders and appellate courts review the action taken for abuse of discretion. *Ambler v. Archer*, 230 Ga. 281, 287-289 (196 SE2d 858) (1973). Whether to permit a party to introduce at trial the testimony of a witness not named in a timely pretrial order is a matter for the trial court's discretion. See *Addison v. Reece*, 263 Ga. 631 (6) (436 SE2d 663) (1993); *Nease v. Buelvas*, 198 Ga. App. 302, 303 (401 SE2d 320) (1991). The transcript establishes the trial court conducted a lengthy inquiry to determine if appellant would be unfairly surprised by the inclusion of the witness and concluded she would not be surprised since appellant and one of the appellees had both given depositions in which they identified the witness as having been present when the decedent's safe deposit box was opened. We see no abuse of discretion.

2. Appellant maintains the trial court erred when it denied her motion for directed verdict on the issue of legal delivery of the deed. The denial of a directed verdict will be upheld on appeal if, construing the evidence in the light most favorable to the verdict, there is any evidence to support the verdict. *Ga. Power Co. v. Irvin*, 267 Ga. 760 (1) (482 SE2d 362) (1997). See OCGA § 9-11-50 (a).

Appellee Toi Hailey testified that she, her daughter, and appellant removed the decedent's safe deposit box from his home several days after he had been discovered dead there. Ms. Hailey opened the box using a key on a key chain which Ms. Hailey recognized as belonging to her father and which appellant had retrieved from the decedent's home the day his body was discovered. In the decedent's safe deposit box, Ms. Hailey found the original 1993 unrecorded quitclaim deed which named appellant as the grantee and was signed by the decedent. Ms. Hailey, a mortgage loan processor, recognized the deed as an original by the indentations made by the seal of the notary public and because the signatures of the grantor and the notary were in ink. Ms. Hailey testified that appellant's signature was not on the deed and that appellant stated she knew nothing about

the deed. However, appellant refused to give the deed back to Ms. Hailey after examining it. Ms. Hailey's daughter testified appellant's signature was not on the deed found in the safe deposit box and that appellant stated she knew nothing about the deed. Appellant testified the deed found in the decedent's safe deposit box was an unsigned photocopy; that she had signed the original in 1993, when the decedent had given it to her, and had put it in her safe deposit box; and she had recorded the original deed within a week after Ms. Hailey opened the decedent's box. Appellant stated the key she had given Ms. Hailey to unlock the decedent's safe deposit box was hers, given to her by the decedent in 1989.

"A deed to lands must be in writing, signed by the maker, and attested by at least two witnesses. It must be delivered to the purchaser or his representative and be made on good or valuable consideration." OCGA § 44-5-30. Execution of a deed without delivery does not pass title, and delivery that passes title must be made during the lifetime of the grantor. *Hall v. Metro. Life Ins. Co.*, 192 Ga. 805, 807 (16 SE2d 576) (1941). "It is indispensable to the delivery of a deed that it pass beyond the control or dominion of the grantor; and where a grantor retains a deed which he executes in his possession and control until his death without doing anything to indicate an intention to deliver it, it is void for want of a delivery." *Childs v. Mitchell*, 204 Ga. 542, 544 (50 SE2d 216) (1948). Where the deed was not recorded and is found among the papers of the grantor after his death, there is insufficient evidence of delivery. *Hall v. Metro. Life Ins. Co.*, supra, 192 Ga. at 807.

Appellant contends that even if there is evidence from which the jury could conclude that the original quitclaim deed was not recorded and was found in the decedent's safe deposit box after his death, she was entitled to a directed verdict because delivery of the deed was completed when the decedent gave her a key to his safe deposit box containing the signed quitclaim deed. She maintains all witnesses testified the key to the safe deposit box was obtained from her. However, Ms. Hailey identified the key chain containing the key that opened the safe deposit box as belonging to her father and testified it contained the keys to his home and car and that appellant had retrieved them from the decedent's home the day his body was discovered. Inasmuch as there was evidence the quitclaim deed was found in a safe deposit box over which the decedent exercised possession and control until his death, there was evidence to support the jury's verdict. Thus, the trial court did not err when it denied appellant's motion for directed verdict on the issue of delivery. *Ga. Power Co. v. Irvin*, supra, 267 Ga. 760 (1).

3. Appellant takes issue with the trial court's award of attorney fees to appellees. In the order denying appellant's motion for new

trial, the trial court awarded appellees' counsel $1,500 attorney fees against appellant and her counsel. Appellees had sought the fees pursuant to OCGA § 9-15-14 in their response to appellant's motion for new trial on the ground that the motion presented no justiciable issue of law or fact. The trial court's order contained no information concerning the basis for the trial court's award.

Generally, an award of attorney fees in Georgia must be authorized by statute or contract. *Cary v. Guiragossian*, 270 Ga. 192 (4) (508 SE2d 403) (1998). An award of "reasonable and necessary" attorney fees is statutorily authorized by OCGA § 9-15-14 (a) if there is such a complete absence of any justiciable issue of law or fact in a claim, defense, or other position that it could not be reasonably believed that a court would accept the asserted claim, defense or position; an award is authorized by OCGA § 9-15-14 (b) if the court finds an action, or any part thereof, was brought or defended that lacked substantial justification, was interposed for delay or harassment, or was unnecessarily expanded by other improper conduct. When a trial court awards attorney fees under OCGA § 9-15-14, the trial court must specify the conduct upon which the award is made, and a judgment devoid of such findings must be vacated and the case remanded for reconsideration of the issue. *McKemie v. City of Griffin*, 272 Ga. 843 (4) (537 SE2d 66) (2000). Inasmuch as no findings necessary to support an award were made in the case at bar, the award must be vacated and the case remanded to the trial court for a statement of the statutory basis for the award. Id. See also *Moon v. Moon*, 277 Ga. 375 (6) (589 SE2d 76) (2003). Should the trial court enter an award of attorney fees pursuant to OCGA § 9-15-14 on remand, the party against whom the award is levied must use the discretionary appeal procedure to obtain appellate review of that order. OCGA § 5-6-35 (a) (10). See *Capricorn Systems v. Godavarthy*, 253 Ga. App. 840 (560 SE2d 730) (2002) (when the only order being appealed is the judgment awarding attorney fees under OCGA § 9-15-14, a discretionary application to appeal is required). Compare *Mitcham v. Blalock*, 268 Ga. 644 (4) (491 SE2d 782) (1997) (OCGA § 9-15-14 award need not be appealed through discretionary appeal procedure when the direct appeal of the underlying judgment is pending).

*Judgment affirmed in part and vacated and remanded in part, and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 18, 2006.

*Giddens, Davidson & Mitchell, Bobby L. Giddens*, for appellant.
*Simmons & Simmons, Robert L. Simmons*, for appellees.