A06A0973. MIGMAR, INC. v. WILLIAMS.
(637 SE2d 471)

RUFFIN, Chief Judge.

Monica Williams sued Migmar, Inc. ("Migmar"), and a default judgment was entered against Migmar when it failed to appear for trial. Migmar appeals, arguing that the trial court erred in granting a default judgment when: (1) there was a motion pending in the case; (2) it was not properly notified of the trial calendar; and (3) Williams cannot prevail on the merits. For reasons that follow, we affirm.

Unquestionably a trial court may enter a default judgment against a party that does not appear for trial.[1] We review a trial court's denial of a motion to open a default judgment for abuse of discretion.[2]

Williams sued Migmar to recover money she allegedly loaned the corporation. Migmar answered, denying that it owed Williams any money, and filed a motion for summary judgment and a motion for

---

[1] See *Lewis v. Carscallen*, 274 Ga. App. 711, 714 (3) (618 SE2d 618) (2005); *Galanti v. Emerald City Records*, 144 Ga. App. 773, 774 (3) (242 SE2d 368) (1978).

[2] See *Broadcast Concepts v. Optimus Financial Svcs.*, 274 Ga. App. 632, 634 (1) (618 SE2d 612) (2005).

sanctions for frivolous litigation. After a hearing in March 2003, the trial court denied Migmar's motions for summary judgment and for sanctions as premature, "grant[ing] leave to [Migmar] to re-submit these motions at the appropriate time." There is no indication in the record that either motion was refiled.

The case was placed on a trial calendar in October 2004, but Migmar and its counsel did not appear. The trial court entered judgment in favor of Williams in December 2004. In September 2005, Migmar filed an "Emergency Motion to Set Aside Default Judgment, Plaintiff's FIFA, and Plaintiff's Post Judgment Discovery Requests." After a hearing, the trial court found that Migmar had adequate notice of the trial calendar, which was published in the county's legal gazette. It noted, however, that "nothing in the record indicates that the judgment was sent to the losing party, [Migmar]." The trial court therefore set aside the judgment entered in December 2004 and reentered the judgment as of October 25, 2005. It is from this judgment that Migmar appeals.

1. Initially, we note that our review has been made substantially more difficult by the complete lack of citations to the record in Migmar's brief. While Migmar refers to numerous pleadings, it provides no volume or page number where these pleadings appear in the record. We remind counsel that "[r]eference to the record should be indicated by specific volume or part of the record and by (R-Page Number of the Record)."[3] And where proper citations are not provided, "we will not cull the record on . . . appellant['s] behalf."[4] We caution counsel that future violations of this rule may result in sanctions, up to and including contempt.[5]

2. Migmar contends that the trial court erred in granting a default judgment when a motion for summary judgment was pending. While we agree that a trial court should not enter a default judgment while a dispositive motion is pending, Migmar points to no evidence that any such motion was pending at the time the trial court entered the default judgment.[6] The only summary judgment motion in the record is the one filed by Migmar in October 2002 and denied by the trial court in March 2003. Migmar instead argues that the following colloquy at the hearing on the motion to set aside the default judgment in October 2005 establishes that there was a pending motion:

---

[3] Court of Appeals Rule 25 (c) (3) (iii).

[4] *James E. Warren, M.D., P.C. v. Weber & Warren Anesthesia Svcs.*, 272 Ga. App. 232, 239, n. 5 (612 SE2d 17) (2005).

[5] See *Mariner Healthcare v. Foster*, 280 Ga. App. 406, 408 (1) (634 SE2d 162) (2006).

[6] See *Cato Oil & Grease Co. v. Lewis*, 250 Ga. 24, 25 (2) (295 SE2d 527) (1982); *US Professionals, LLC v. Directlink India (P) Ltd.*, 247 Ga. App. 679, 680 (1) (545 SE2d 95) (2001).

> THE COURT: [C]ounsel has indicated [that] there was a motion for summary judgment pending in this case. . . . Does that have any effect on how this motion ought to be considered? I'm not sure if a motion for summary judgment was being considered at that time. But that's been alleged.
> [COUNSEL FOR WILLIAMS]: Well, we — I responded to the motion. There was a motion, and I responded to it.
> THE COURT: But I had not ruled on it.
> [COUNSEL FOR WILLIAMS]: No[,] you did not.

But statements made in colloquy between the court and counsel cannot create a pending motion where none exists in the record.[7] We do not agree with Migmar's contention (unsupported by citation to the record or to legal authority) that, because the trial court had dismissed its motion for summary judgment as premature but granted leave to resubmit the motion, Migmar somehow had a standing motion for summary judgment. And although Migmar suggests that the trial court informed it that refiling was not required, it provides no record citation to support this assertion.[8] Under these circumstances, where the only motion for summary judgment had been dismissed two and a half years earlier, the trial court was authorized to grant a default judgment to Williams.

3. Migmar asserts that the default judgment must be set aside because it did not receive proper notice of the trial. Migmar apparently concedes that the trial calendar was published in the county's legal gazette. Nonetheless, it argues that publication alone was insufficient notice. Migmar cites various cases for the proposition that it should have been notified by service as well as publication; however, these cases provide no guidance to us, as they involve hearings on motions, which have different notification requirements than does a trial calendar.[9]

"[P]ublication of a court calendar in the county's legal organ of record is sufficient notice to the parties in a pending action that they must appear."[10] As Migmar has failed to show that the trial calendar was not published, it has failed to establish that it was not provided

---

[7] See, e.g., *Smyrna Dev. Co. v. Whitener Ltd. Partnership*, 280 Ga. App. 788 (2) (635 SE2d 173) (2006) (statement of counsel at hearing does not alter status of case as established by pleadings); *Hambrick v. State*, 174 Ga. App. 444, 445-446 (1) (330 SE2d 383) (1985) (statement made in colloquy among court and counsel does not change nature of facts in evidence).

[8] See *Luong v. Tran*, 280 Ga. App. 15, 18-19 (2) (633 SE2d 797) (2006) (appellant " 'bears the burden of showing error affirmatively by the record' ").

[9] See *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896, 898 (424 SE2d 71) (1992) (pursuant to OCGA § 9-11-6 (d), notice of hearing on motion must be served on party; pursuant to OCGA § 9-11-40 (c), publication is sufficient notice of trial).

[10] *Hammonds v. Sherman*, 277 Ga. App. 498, 498-499 (627 SE2d 110) (2006).

with proper notice.[11] The trial court did not err in refusing to set aside the default judgment on this basis.[12]

4. Migmar also argues that the trial court should have set aside the default judgment because Williams cannot recover on the merits of the case as a matter of law. Migmar contends that Williams is barred by judicial estoppel from asserting that it owes her money.[13] Pretermitting whether Migmar has a valid defense of judicial estoppel to Williams's claim, "[h]aving a defense to an action is not in itself a ground to open default. For this relief to be granted, there must be a motion, meritorious defense, a legal excuse for non-appearance, and payment of costs and these must be made a part of the record."[14] Counsel for Migmar admitted to the trial court that she failed to appear for trial because she did not read the newspaper in which the notice was published. Where, as here, Migmar has offered no legal excuse for failure to appear at the trial calendar, we find no abuse of discretion in the trial court's refusal to set aside the default judgment on this basis.[15]

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 13, 2006.

*Deborah L. Leslie*, for appellant.
*Allan E. Alberga*, for appellee.

---

[11] See id.; *Miller v. Grier*, 175 Ga. App. 91 (332 SE2d 323) (1985).

[12] See *Godby v. Hein*, 107 Ga. App. 481, 484 (2) (130 SE2d 511) (1963) ("There is no room for the exercise of any legal discretion in setting aside a judgment merely because counsel has, due to some oversight, inadvertence or mistake, failed to appear on behalf of his client.").

[13] Migmar argues that Williams testified in her divorce proceeding that she actually received a loan from Migmar.

[14] (Citation omitted.) *Ulmer v. Smith*, 160 Ga. App. 409, 410 (287 SE2d 346) (1981).

[15] See id.; *Lewis*, supra at 714 (3).