A10A0630. AMERICAN BENEFIT CORPORATION et al.
v. PARKING COMPANY OF AMERICA, INC. et al.
(714 SE2d 653)

SMITH, Presiding Judge.

In this dispute concerning title to a parcel of real property, the American Benefit Corporation ("ABC"), Potomac National Corporation ("Potomac"), and Adeola Oni appeal from a trial court order that, among other things, entered a default judgment against ABC and Potomac and declared that Parking Company of America and others[1] ("the plaintiffs") have legal title to the disputed property. For the reasons that follow, we affirm in part and reverse in part.

The record reveals that the parties are adjoining land owners and/or parties with an interest in the land. The portion of the parcel of property in dispute is a 748-square-foot tract (the "corner parcel") in the northeast corner of a 10,876-square-foot tract. The parties do not dispute that the larger tract is owned by the plaintiffs and used as a parking lot. The plaintiffs alleged that they "may not have record title" to the corner parcel, but that they are "the rightful holders of title" to it. The plaintiffs alleged further that the property, including the corner parcel, was used for a furniture store from 1924 to 1993, and that in 1993 the store was demolished and the property has since been used as a parking lot.

The plaintiffs' complaint claimed that in 2002, Oni removed a stone retaining wall which ran along the northern border of the plaintiffs' property, destroyed landscaping, constructed a concrete

---

[1] Steve Cohen, Phyllis Freeman, Ramona Freeman, and Joseph Jacobson.

berm on the property, and installed chain link fence cutting off the plaintiffs' access to the corner parcel and main road by way of an alley. They also claimed that in 2004, Oni extended the chain link fence further blocking their access.

On March 28, 2008, the plaintiffs filed an "Action for Injunction, Declaratory Judgment and Damages." Potomac and Oni acknowledged service of the complaint in August 2008. On September 4, 2008, the trial court issued a case management order requiring the parties to identify witnesses by "1/30/09" and to file dispositive motions and submit a proposed pretrial order by "3/3/09." The order also set an April 3, 2009 date for the pretrial hearing and trial. Oni, Potomac and ABC filed an answer on September 12, 2008.[2]

On January 8, 2009, the attorney representing Oni, ABC, and Potomac, filed a motion for withdrawal as "counsel for Defendant Adeola O. Oni." The court granted that motion on February 10, 2009. The plaintiffs filed a list of proposed witnesses and their portion of the proposed pretrial order by the court's deadlines, but Oni, ABC and Potomac did not. When neither Oni, nor ABC, nor Potomac appeared at the April 3 pretrial conference, and because they failed to file their portion of the pretrial order, the trial court ruled that only Oni would be allowed to testify at trial.

Oni submitted his "Amended Portion of the Pretrial Order" on April 7, 2009 in which he claimed to be the rightful owner of the corner parcel. Attached to this document was a copy of a quitclaim deed purporting to convey to Potomac the corner parcel in April 2004.

On April 7, when the case was called for trial, only Oni appeared. The trial court granted the plaintiffs' motion to strike the answer of ABC and Potomac on the ground that "Oni is not a licensed attorney, and no attorney appeared" for ABC and Potomac.[3] The trial court subsequently entered a default judgment against ABC and Potomac for their failure to appear and granted the plaintiffs' motion for a declaratory judgment and injunctive relief. In doing so, the trial court ordered that the plaintiffs have full legal ownership and hold fee simple title to all of the property and directed the clerk of court to cancel Potomac's quitclaim deed "said deed being fraudulent and false." It is from this order that Oni, ABC, and Potomac appeal.

1. The appellants argue that the trial court erred in striking the answers of ABC and Potomac and in entering default judgment against them. They complain that they were not informed of the trial court's deadlines and hearing dates. They also maintain that their

---

[2] These parties raised no issue of defective service in their answer.

[3] The record reveals that Oni was the principal for both ABC and Potomac.

counsel had withdrawn only from the representation of Oni, not of the corporations, and therefore remained responsible for filing a witness list, preparing their portion of the proposed pretrial order, and appearing at the pretrial hearing and trial. The record reveals that counsel represented Oni, ABC, and Potomac, but the motion to withdraw requested that counsel be allowed to withdraw only from representing Oni, and the trial court's order stated that it was permitting counsel to "withdraw as counsel for Defendant Adeola O. Oni."

But whether or not ABC and Potomac remained represented by counsel, they failed to submit a pretrial order and failed to appear at either the pretrial conference or at trial. "Only a licensed attorney is authorized to represent a corporation in a proceeding in a court of record." (Citations, punctuation and footnote omitted.) *Columbus Transmission Co. v. Murry*, 277 Ga. App. 243, 244 (1) (626 SE2d 202) (2006). And "[u]nquestionably a trial court may enter a default judgment against a party that does not appear for trial." (Citation and footnote omitted.) *Migmar, Inc. v. Williams*, 281 Ga. App. 870 (637 SE2d 471) (2006). Because ABC and Potomac did not have counsel present at the call of trial and the record reveals that the trial calendar was published, the court did not abuse its discretion in entering a default judgment against them for their failure to appear. See id. at 872-873 (3).

2. The appellants complain that the trial court erred in prohibiting Oni from tendering any documents or offering the testimony at trial other than his own. The trial court ruled that because Oni, ABC, and Potomac failed to enter their portion of the pretrial order as required by the case management order, "no witnesses or documents" were to be allowed, with the exception of Oni who "shall be allowed to testify at trial."

The pretrial order, when entered, "controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). And "[t]he trial court has the power to impose appropriate sanctions to make effective its pretrial orders and appellate courts review the action taken for abuse of discretion." (Citation omitted.) *Robinson v. Williams*, 280 Ga. 877, 878 (1) (635 SE2d 120) (2006). But although "[c]ontempt may at times be proper[,] and in an extreme case the plaintiff's action may be dismissed or the defendant precluded from introducing evidence relating to his defense . . . these remedies are too drastic if less harsh sanctions are appropriate." (Citation and punctuation omitted.) *Ambler v. Archer*, 230 Ga. 281, 289 (1) (196 SE2d 858) (1973). See also *Wilson v. McNeely*, 302 Ga. App. 213, 214-215 (1) (690 SE2d 512) (2010).

Here, Oni's counsel filed a motion to withdraw before Oni was

required to identify witnesses, and the trial court granted that motion before the pretrial order was due. The record reveals that Oni was acting pro se at the time the pretrial order was due, that counsel's motion to withdraw only informed Oni of his obligation to prepare for trial and did not inform him of the date the pretrial order was due or the scheduled trial date, and that Oni filed his portion of the pretrial order — although it was four days late and therefore untimely. Under these conditions, and in the absence of any aggravating circumstances noted in the trial court's order or appearing in the record, we hold that the trial court abused its discretion by prohibiting Oni from tendering documents or presenting evidence as a sanction for Oni's failure to appear at the pretrial conference and his failure to prepare his portion of the pretrial order. See *Ambler*, supra; *Carder v. Racine Enterprises*, 261 Ga. 142, 143 (2) (401 SE2d 688) (1991) (limitation on defendants' presentation of case was too broad a sanction for failing to prepare a pretrial order).

We therefore reverse the judgment in this case with regard to Oni and any portion of the judgment that may affect Oni including the trial court's order that the plaintiffs have "full legal ownership and hold[ ] fee simple title to all of the property." The case against Oni returns to the position it was in prior to trial. See *Carder*, supra.

3. The appellants assert that the trial court erred in "entering the default judgment as to appellees' equitable claims without holding an evidentiary hearing." But as explained in Division 1, ABC and Potomac failed to appear at the pretrial hearing or at trial. The court therefore properly entered a default judgment against them. *Lewis v. Carscallen*, 274 Ga. App. 711, 714 (3) (618 SE2d 618) (2005). And the absence from the record of a transcript of the pretrial hearing or of the trial, or of a legally authorized substitute (see OCGA § 5-6-41 (g)), prevents us from considering this claim.[4] See *Sterling, Winchester & Long v. Loyd*, 280 Ga. App. 416, 419 (4) (634 SE2d 188) (2006). "In the absence of a transcript we must assume the trial court's action would be supported by the record." (Citation and punctuation omitted.) *City of Atlanta v. Paulk*, 274 Ga. App. 10, 13 (1) (616 SE2d 210) (2005); see *Sterling, Winchester & Long*, supra.

The appellants complain that because the plaintiffs "did not present any evidence which would justify the award of the property," the trial court was unauthorized to enter a default judgment. But this claim of error is moot in light of our holding in Division 2.

---

[4] The amended notice of appeal states: "Defendants have contacted all of the Court Reporters who could have transcribed the hearings and none of the Court Reporters have any record of having recorded the proceedings concerning Defendants' case on April 3, 2009 or April 7, 2009. Accordingly, no transcript will be included."

*Judgment affirmed in part and reversed in part, and case remanded. Ellington, C. J., and Adams, J., concur.*

DECIDED JULY 13, 2011.

*Perry A. Phillips*, for appellants.
*Smith, White, Sharma & Halpern, Furman Smith, Jr., Holt, Ney, Zatcoff & Wasserman, Melissa J. Perignat*, for appellees.