## S12A0367. GRAHAM v. GRAHAM.

(727 SE2d 101)

CARLEY, Presiding Justice.

Patricia A. Graham (Wife) and Michael H. Graham (Husband) were married in 1997. Wife filed a petition for divorce on January 22, 2010. The central issue in the divorce proceedings was whether the marital residence is subject to equitable division. After a bench trial, the trial court entered a final judgment and decree finding that, although the marital residence was purchased, in part, with funds realized from the sale of Husband's premarital property, the title of the home was solely in the name of Wife. The court further concluded that Husband gifted the property to Wife in order to protect the property from the numerous creditors that he has obtained due to his recent disbarment for ethical violations and also to provide security for Wife. Therefore, the court found that the marital residence was Wife's separate property and awarded her sole possession. Husband applied for discretionary appeal, and this Court granted the application pursuant to this Court's Rule 34 (4) regulating applications to appeal in certain divorce and alimony cases.

Husband contends that the trial court committed reversible error when it failed to enter a consolidated pretrial order in violation of OCGA § 9-11-16 and a scheduling order entered on February 16, 2011. OCGA § 9-11-16 provides that "[u]pon the motion of any party, or upon its own motion, the court shall direct the attorneys for the parties to appear before it for a conference" and shall make a pretrial order summarizing the action taken and the agreements made at the conference and delineating the issues left for trial. In an order issued

February 16, 2011, the trial court ruled that a consolidated pretrial order would be required and stated that "[f]ailure to provide the consolidated pre-trial order by the designated time for jury trials will result in the pre-trial conference being rescheduled and for trials before the Court being removed from the Calendar." Husband claims that since no pretrial order was filed, he had the right to rely on the language contained in the scheduling order reciting that the case would be removed from the calendar if no pretrial order is entered, and thus the court was in error for holding the bench trial without him present.

However, the order issued on February 16, 2011 scheduled the date of trial and designated three days before the trial date as the due date for a consolidated pretrial order. The record indicates that Wife supplied her portion of the proposed pretrial order well in advance of this due date and that Husband failed to supply his portion. Due solely to the fact that he failed to submit his portion, and thus a consolidated pretrial order was not entered, Husband contends that the case was automatically removed from the trial calendar per the February 16 order and thus he need not have appeared for trial. However, such an argument is absurd because it allows one party to affect singularly the timing of trial by simply failing to submit his portion of the pretrial order. This argument acts in complete contradiction to the long-held rule that parties who fail to present a proposed pretrial order or to appear at a pretrial conference as required by the trial court are subject to sanctions, and thus Husband should not procure a benefit from failing to fulfill his court-ordered duty. See Uniform Superior Court Rule 7.1; *Ambler v. Archer,* 230 Ga. 281, 289 (1) (196 SE2d 858) (1973); *American Benefit Corp. v. Parking Co. of America,* 310 Ga. App. 765, 767 (2) (714 SE2d 653) (2011); *Triple A Distribution v. Carrier Reps, USA,* 193 Ga. App. 348, 349 (2) (387 SE2d 624) (1989). Moreover, Husband, who is acting pro se, is a former attorney of over 30 years of experience and thus should have known to communicate continually with the trial court regarding hearing or trial dates, especially since he was the one who failed to comply with the court's order to submit his portion of the pretrial order. Husband cannot claim that he was given no notice of the trial date, as the trial court retained a copy of the return receipt for certified mail signed by Husband of written notice of the trial date and Husband was orally notified on the day of trial. However, Husband made no contemporaneous objection to the trial proceeding without a pretrial order, and he cannot make such an objection now after the trial has concluded and the court has issued a final judgment and decree. See *Echols v. Bridges,* 239 Ga. 25, 27 (235 SE2d 535) (1977) (announcing the general rule that an application to modify a

pretrial order must be made either before or during the trial). Finally, the sole reason why the present matter went to trial without a consolidated pretrial order was the failure by Husband to submit his part of the pretrial order, and he "cannot now be heard to complain of a judgment ' "that his own procedure or conduct procured or aided in causing." ' [Cit.]" *McCoy v. McCoy*, 281 Ga. 604, 606 (1) (642 SE2d 18) (2007).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 24, 2012.

Michael Graham, *pro se.*
Patricia Graham, *pro se.*