**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 22, 2014**

# In the Court of Appeals of Georgia

A14A0893. MCCLURE v. MCCURRY et al.

PHIPPS, Chief Judge.

After they were sued in 2008 by David McClure d/b/a McClure Contracting, Riverstone Professional Building, LLC obtained summary judgment, and Chris McCurry obtained a favorable jury verdict. Subsequently, citing OCGA § 9-15-14, the trial court granted attorney fees to Riverstone Professional Building and McCurry. In this appeal, McClure challenges the awards of attorney fees, setting forth these grounds: (i) the issue of attorney fees was not included in the pre-trial order; (ii) the order awarding the attorney fees failed to contain required elements; and (iii) McCurry was denied summary judgment and a directed verdict. We find that the first ground presents no basis for disturbing either award. Regarding the second ground, we agree with McClure – the trial court's order does not contain elements required

for substantive review; therefore, we do not reach the merits of the third ground. We affirm in part, vacate in part, and remand the case with direction.

1. McClure challenges the propriety of the awards, pointing out that the issue of attorney fees was not included in the pretrial order. This challenge is unavailing.

OCGA § 9-11-16, which concerns pretrial orders, provides that "[u]pon the motion of any party, or upon its own motion, the court shall direct the attorneys for the parties to appear before it for a conference"[1] and "shall make an order which recites the action taken at the conference and the agreements made by the parties as to any of the matters considered *and which limits the issues for trial*."[2] Accordingly, this court has recognized that the issue of attorney fees and litigation expenses – where pursued, for instance, under OCGA § 13-6-11 – may be waived, if not included

---

[1] OCGA § 9-11-16 (a).

[2] OCGA § 9-11-16 (b) (emphasis supplied); see *Graham v. Graham*, 291 Ga. 1, 2 (727 SE2d 101) (2012) ("OCGA § 9-11-16 provides that upon the motion of any party, or upon its own motion, the court shall direct the attorneys for the parties to appear before it for a conference and shall make a pretrial order summarizing the action taken and the agreements made at the conference and delineating the issues left *for trial*.") (punctuation omitted; emphasis supplied).

in the pretrial order.[3] "The question of whether attorney fees are appropriate under [OCGA § 13-6-11] is for the *jury*."[4]

But the appellees' motion in this case was expressly premised upon OCGA § 9-15-14, which statute sets forth procedural provisions for the recovery of attorney fees and litigation expenses upon the grounds delineated therein.[5] As this court has held,

> [Sub-section] (f) provides that 'an award of reasonable and necessary attorney's fees or expenses of litigation under this Code section *shall be determined by the court without a jury* and shall be made by an order of court. . . .' (Emphasis supplied.) There is no ambiguity in the statute; the legislature clearly intended for the court, not a jury, to determine whether fees and costs should be awarded under OCGA § 9-15-14.[6]

---

[3] See generally *Parks v. Breedlove*, 241 Ga. App. 72-73 (1) (526 SE2d 137) (1999).

[4] Id. (footnote omitted; emphasis supplied).

[5] *Dismer v. Luke*, 228 Ga. App. 638, 640 (2) (492 SE2d 562) (1997) (noting that OCGA § 9-15-14 "makes substantive and procedural provision for a trial court, sitting as the trior of fact, to make an award of attorney's fees and expenses of litigation as a sanction against certain enumerated abuses") (citations omitted).

[6] *Dismer*, supra (quoting OCGA § 9-15-14 (f)) (citations and punctuation omitted).

Regarding the timing of a movant's request, OCGA § 9-15-14 (e) provides, "Attorney's fees and expenses under this Code section may be requested by motion at any time during the course of the action but not later than 45 days after the final disposition of the action."

As McClure acknowledges in his brief, the appellees "filed their Motion . . . during the pendency of [the] action." Hence, the appellees' motion was timely filed. McClure cites no authority for his argument that the appellees' quest for attorney fees was subsequently lost for failure to include it in the pretrial order, and we find none. Moreover, McClure's argument disregards the plain language of OCGA § 9-15-14 that allows for the filing of a motion even *after* the trial, so long as the motion is filed "not later than 45 days after the final disposition of the action."[7]

---

[7] OCGA § 9-15-14 (e). Accord *Moore v. Dixon*, 264 Ga. 797, 800 (4) (452 SE2d 484) (1994) (noting that, effective April 5, 1994, a motion for attorney fees and expenses under OCGA § 9-15-14 may be made "at any time during the course of the action but not later than 45 days after the final disposition of the action," whereas the former version of that statute required a motion for attorney fees and expenses to brought "within 45 days after the final disposition of the [underlying] action"); 1994 Ga. Laws p. 856, § 2; *Betallic, Inc. v. Deavours*, 263 Ga. 796, 797 (439 SE2d 643) (1994) (Hunstein, J., dissenting) (advocating, so as to best effectuate the purpose of former OCGA § 9-15-14, a construction of "the use of the word 'within' in subsection (e) to mean 'not later than,' rather than 'during'").

4

Given the foregoing, the trial court did not err in rejecting this challenge to the motion for attorney fees, and that portion of the order is affirmed.

2. McClure's contention that the trial court's order fails to contain required elements is correct.

It is well settled that an order granting attorney fees under OCGA § 9-15-14 must "contain express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize [the award]."[8] Further, in *Williams v. Becker*,[9] the Supreme Court of Georgia held that where the trial court awards attorney fees under OCGA § 9-15-14, the order must specify "whether the award is made under subsection (a) or (b) or both."[10]

---

[8] *In re Serpentfoot*, 285 Ga. App. 325, 328-329 (4) (a) (646 SE2d 267) (2007).

[9] 294 Ga. 411 (754 SE2d 11) (2014).

[10] Id. at 413-414 (2) (a) (citation omitted).

In the order here, the trial court recited language from both subsections (a)[11] and (b)[12] of OCGA § 9-15-14,[13] and concluded that "the case against . . . McCurry lacked substantial justification as defined in the code" and that "the action against [Riverstone Professional Building] was substantially baseless and frivolous."

As McClure points out, the trial court did not include in its order any factual finding(s) that underlay those conclusions. And as the appellees acknowledge in their brief, the trial court did not specify whether either award was made pursuant to OCGA § 9-15-14 (a) or (b). Appellees posit, however, that "[b]ecause 'frivolous' and 'lacked substantial justification' are elements of OCGA § 9-15-14 (b) and not OCGA

---

[11] Subsection (a) provides that "reasonable and necessary attorney's fees and expenses of litigation shall be awarded" if there existed such a "complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position."

[12] Subsection (b) authorizes "reasonable and necessary attorney's fees and expenses of litigation" if "an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification" or "the action, or any part thereof, was interposed for delay or harassment," or "an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the 'Georgia Civil Practice Act.' As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious."

[13] The transcript of the motion hearing shows that the appellees' counsel cited the trial court to both subsections (a) and (b) of OCGA § 9-15-14.

6

§ 9-15-14 (a), the attorney's fees granted to both Appellees were granted under OCGA § 9-15-14 (b)."[14] We need not adopt appellees' position, because the order is insufficient for substantive review even if premised upon only OCGA § 9-15-14 (b).[15]

Under the circumstances presented here, the awards of attorney fees to the appellees must be vacated and the case remanded for the trial court to reconsider the issue, then enter an order not inconsistent with this opinion.[16] Further, as McClure has

---

[14] The appellees do not speculate whether the trial court's conclusion that the action against Riverstone Professional Building was "substantially baseless" falls within the ambit of subsection (a), subsection (b), or both.

[15] See *In re Serpentfoot*, supra (holding that the order awarding attorney fees did not contain required elements for purposes of OCGA § 9-15-14 (b), where the trial court concluded that the appellant "has been unreasonably and stubbornly litigious and has been frivolous in her conduct in these proceedings"); see also *Cason v. Cason*, 281 Ga. 296, 299-300 (3) (637 SE2d 716) (2006) (holding that the order did not contain findings sufficient to support an award of attorney fees under OCGA § 9-15-14 (b), where the award was due to appellant's "stubborn litigiousness"); see generally *Interfinancial Midtown v. Choate Constr. Co.*, 284 Ga. App. 747, 751-753 (3) (b) (644 SE2d 281) (2007) (determining that the order awarding attorney fees under OCGA § 9-15-14 lacked necessary findings, where the trial court did not specify the subsection under which the award was made and concluded only that the appellant's position was "without justification," that the position had an "utter lack of merit," and that the amount awarded would "fairly compensate [ ]" appellee for fees incurred in defending against appellant's position).

[16] *Robinson v. Williams*, 280 Ga. 877, 880 (3) (635 SE2d 120) (2006) (citation omitted); see *Williams v. Becker*, supra at 414 (2) (a) ("If the court fails to make [requisite] findings, the fees award must be vacated and the case remanded for reconsideration.") (citation omitted); *O'Keefe v. O'Keefe*, 285 Ga. 805, 806 (684

7

aptly pointed out, any grant of attorney fees under OCGA § 9-15-14 to McCurry must



SE2d 266) (2009) (vacating judgment and remanding case, where order granting attorney fees failed to state the statutory provision relied on and failed to set forth the required facts to support an imposition of attorney fees under OCGA § 9-15-14); *In re Serpentfoot*, supra at 329 (4) (a) (explaining that because the trial court's order lacked required elements, "the issue of attorney fees must be remanded for an explanation of the statutory basis for the award and any findings necessary to support it") (punctuation and footnote omitted); *Interfinancial Midtown*, supra (vacating the award of attorney fees under OCGA § 9-15-14 and remanding the case, where the order granting attorney fees under OCGA § 9-15-14 lacked necessary findings).

particularly take into account *Porter v. Felker*[17] and its progeny,[18] given that McCurry's motions for summary judgment and for directed verdict were denied.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Ellington, P. J., and McMillian, J., concur.*

---

[17] 261 Ga. 421, 422 (3) (405 SE2d 31) (1991) (holding that "a trial court's award [of attorney fees under OCGA § 9-15-14] to a party whose motion for summary judgment was denied must be vacated except in unusual cases where the trial judge could not, at the summary judgment stage, foresee facts authorizing the grant of attorney fees").

[18] See, e.g., *Atwood v. Southeast Bedding Co.*, 236 Ga. App. 116, 118-119 (3) (511 SE2d 232) (1999) (affirming award of attorney fees under OCGA § 9-15-14, although party had failed to prevail on motion for summary judgment and on motion for directed verdict; explaining that "[i]n considering an award under OCGA § 9-15-14, a trial court is not necessarily bound by the denial of a motion for directed verdict. . . . A court's consideration of such a motion in the midst of trial should not automatically govern the application of OCGA § 9-15-14 relief, as the context and issue may differ.") (citing *Porter*, supra, for the principle that "we cannot require trial courts to be infallible. More importantly, if additional facts authorize an [attorney fees] award and the trial court is powerless to make an award, then the purposes of the OCGA § 9-15-14 (deterrence of litigation abuses and recompensation for legal fees and costs) are thwarted.") (footnote omitted)); *Gantt v. Bennett*, 231 Ga. App. 238, 245-246 (9) (499 SE2d 75) (1998) (applying *Porter*, supra, to reverse award of attorney fees granted under OCGA § 9-15-14, where the party awarded fees had been denied summary judgment and a directed verdict).